ROGERS, by her next friend, *vs.* ROGERS.

A feme covert cannot make a valid agreement with her husband for a separation, except under the sanction of the court of chancery, and in a case where the conduct of her husband has been such as to entitle her to a decree for a separation.

The law does not authorize or sanction a voluntary agreement for a separation between husband and wife ; it merely tolerates such agreements when made in such a manner as to be capable of being enforced by or against a third person acting in behalf of the wife.

Where a bill is filed by the wife for a separation, and pending the suit the husband makes a separate provision for the wife upon a contract between them to live separate, the court will not enforce a mere verbal agreement to discontinue the suit founded upon such contract.

August 5.     THIS was an application, on the part of the complainant, for an order against the defendant, her husband, for an allowance, for the purpose of enabling her to carry on this suit against him for a separation ; and also for an allowance for alimony pending the litigation. The application was opposed by the defendant, on the ground that the suit had been settled between him and the complainant, with the consent of her next friend ; and that the parties had agreed to live separate, he having given a bond to a trustee, named by herself, to secure to her the payment of an annual allowance of $400 during her life, payable quarterly.

*A. Taber*, for the complainant.

*J. Paine*, for the defendant.

THE CHANCELLOR. Whether the settlement which was made between the complainant and her husband was a judicious and reasonable one, and one which would have been beneficial to her if she had thought proper to adhere to its terms and to comply with its conditions, is a question which it is not necessary for me to decide upon the present application. It is evident, however, from the affidavits produced on the part of the defendant, that no fraud or imposition was

practiced upon the complainant on the settlement; and that she entered into the arrangement voluntarily and understandingly, after consulting with her friends as to the terms of compromise which were proposed by the defendant. Although her brother, in whose name the suit was instituted as the next friend of the complainant, gave no written assent to the terms of settlement, he was undoubtedly consulted in relation to the propriety of the compromise of the suit; and he consented that the complainant should settle it in such way as she should deem proper.

But it is impossible for a feme covert to make any valid agreement with her husband to live separate from him, in violation of the marriage contract and of the duties which she owes to society, except under the sanction of the court; and in a case where the conduct of her husband has been such as to entitle her to a decree for a separation. The law of the land does not authorize or sanction a voluntary agreement for separation between husband and wife. It merely tolerates such agreements when made in such a manner that they can be enforced by or against a third person acting in behalf of the wife. In the ecclesiastical courts of England, where a jurisdiction exists to decree a restitution of conjugal rights between married persons, a deed of separation is no bar to a suit instituted for that purpose; as the indissolubility of the marriage contract renders it impossible for the parties lawfully to release each other from the reciprocal duties which the relation of husband and wife implies. (*Westmeath* v. *Westmeath*, 2 *Hagg. Eccl. Rep. App.* 115.) Neither is a deed of separation a bar to a divorce. Sir William Scott, in delivering the judgment in the case of *Mortimer* v. *Mortimer*, (2 *Hagg. Consist. Rep.* 318,) says the court considers a private separation an illegal contract. It implies a renunciation of stipulated duties; a dereliction of those mutual offices which the parties are not at liberty to desert; an assumption of a false character in both parties, contrary to the real *status personæ*, and to the obligations which both of them have contracted, in the sight of God and man, to live together until death; and on which obligations the solemnities both of civil society and of religion have stamped a binding authority, from which the

parties cannot release themselves by any private act of their own, or for causes which the law has not pronounced to be sufficient, and sufficiently proved. In the present case the complainant has a right to prosecute a suit for a legal separation from her husband, if he has been guilty of such conduct towards her as to render it unsafe and improper for her to cohabit with him, or if he has abandoned her without any justifiable cause and neglects or refuses to provide for her support, notwithstanding the agreement for a separation which is set up in the affidavits on the part of the defendant. And, as a necessary consequence, the bond for her support having become void, because the terms and conditions upon which it was given have not been complied with on her part, she must have an allowance for her support pending the litigation ; and a reasonable advance must also be made to her for the necessary expenses of the proceedings. Such advance, however, is to be paid over to her next friend, in whose name the suit is prosecuted, upon his written stipulation to refund the same, under the direction of the court, if the complainant's bill should hereafter be dismissed with costs, for want of prosecution, or on the ground that the suit was commenced without any reasonable or justifiable cause.

Although the agreement for a separation was not binding upon the wife, and could not be pleaded in bar to a suit against her husband, it was undoubtedly competent for her, with the consent of her next friend, to agree to a discontinuance of the suit. I should therefore have considered the present suit as actually discontinued, and should have directed an order to be entered accordingly, without prejudice to her right to proceed anew, had not her counsel insisted upon the objection that the agreement to discontinue the suit was not in writing, as required by the 121st rule. That objection is well taken, as there was no agreement in writing to discontinue the suit subscribed by the complainant, or her next friend, or by their solicitor or counsel. And the compromise of the cause of action, by the agreement for a separation, being invalid, that furnishes no reason for considering the suit as at an end.

It must be referred to a master residing in the county of Washington, to report a suitable quarterly allowance for the support of the complainant pending this litigation, and a reasonable sum to be paid to her next friend for the expenses of the litigation. And upon the coming in and confirmation of the report, the defendant must pay over the allowance thus made by the master ; the alimony to be paid to herself, and the allowance for the expenses of the suit to be paid to her next friend, upon his written stipulation as above specified. In ordinary cases, it would be proper to direct the allowance for alimony to commence from the time of presenting the petition ; but in this case, as the complainant received $350 under the agreement which she now repudiates, the allowance is only to commence from the 1st of July last.