# N. Y. COMMON PLEAS.

OVIDE DUPRE as trustee for CLARA REIN agt. PHILIP REIN.

*Trustee of an express trust — Code of Civil Procedure, § 449 — Validity of agreement between husband and trustee of wife — Complaint — Demurrer — Parties.*

Where the defendant and his wife entered into articles of separation whereby the defendant agreed with her and plaintiff, as her trustee, that defendant and his wife should live separate and apart, and in consideration of the premises defendant, among other things, agreed to pay, or cause to be paid, to the plaintiff, as such trustee, twenty-five dollars per week for the support and maintenance of his wife, the trustee covenanting and agreeing with the defendant to indemnify and bear him harmless from all debts of said wife contracted, or, to be contracted, by her or on her account, each of the parties being bound by mutual covenants to carry out the agreement; in an action by the trustee against the husband to recover the sum of $3,825 balance of unpaid weekly installments:

*Held,* that the contract with plaintiff was for the benefit of another and constituted him a trustee of an express trust within the meaning of section 449 of the Code of Civil Procedure. He alone would be liable to the husband for the wife's breach of covenants, and the action is properly brought in his name.

In articles of separation between husband and wife, through the intervention of a trustee, the covenant on the part of the husband to pay a stipulated sum for her support, and that of her trustee to indemnify the husband from liability for her debts, are not illegal or contrary to public policy.

A complaint in such an action which simply sets forth the agreement *in extenso* and declares a breach of it for failure to pay is not good pleading. As the law only tolerates such an agreement when it can be enforced by a third person acting in behalf of the wife, all facts, by way of inducement, should be pleaded to enable the court to decide whether or not a *prima facie* case is presented

Dupre agt. Rein.

*Special Term, December,* 1878.

*George E. Horne,* for demurrant.

*Dupre & Veicht,* opposed.

LARREMORE, *J.*— The complaint avers that, on September 21, 1874, the defendant and Clara Rein, his wife, entered into articles of separation, which are set forth in full, whereby the defendant agreed with her and Dupre, as her trustee, that defendant and his wife should live separate and apart, and in consideration of the premises, defendant, among other things, agreed to. pay or cause to be paid to the plaintiff, as such trustee, twenty-five dollars per week for the support and maintenance of his wife. The trustee covenanted and agreed with the defendant to indemnify and bear him harmless from all debts of said wife contracted, or to be contracted, by her or on her account. Each of the parties were bound by mutual covenants to carry out the agreement. It was further averred that, although demand has been made therefor, only three weekly installments have been paid, and that there is due to the plaintiff, as such trustee, the sum of $3,825, for which he demands judgment, with interest and costs.

The defendant demurs on the following grounds :

1st. Defect of parties plaintiff.

2d. That the complaint does not state facts sufficient to constitute a cause of action.

The first ground must be overruled. The contract with plaintiff was for the benefit of another. This constituted him a trustee of an express trust ( *Sec.* 449, *Code Civil Procedure*). He alone would be liable to the husband for the wife's breach of covenants ( *Bishop on Marriage and Divorce, sec.,* 647 ), and the action is properly brought in his name ( *Parsons on Contracts, s.* 357; *Fenner* agt. *Lewis,* 10 *John.,* 38; *Nichols* agt. *Palmer,* 5 *Day,* 47 *Conn.*; *Goddard* agt. *Beebe,* 4 *Greene,* 350 [*Iowa*]; *Dunning* agt. *Williams,* 26 *Conn.,* 226 ).

The second ground of demurrer puts at issue both the validity of the agreement and the sufficiency of the allegations of the complaint.

The courts have never recognized nor countenanced any agreement between husband and wife that seeks, independent of the statute, to effect a practical dissolution of the marriage relation.   But the obligation of the husband to support, and the trustee to indemnify, as provided in this agreement, has been repeatedly upheld by express judicial sanction when there has been a present and actual separation.

Lord BROUGHAM recognized this doctrine in *Warrender* agt. *Warrender* ( 2 *Clark & Finnelly*, 527 ), and other English authorities maintain it ( *Elsworthy* agt. *Bird*, 2 *Simon & Stuart*, 372 ; *Wilson* agt. *Wilson*, 31 *Eng. Law & Eq.*, 29 ; 1 *House of Lords' Cases*, 538 ; 5 *House of Lords' Cases*, 40 ; *Jee* agt. *Thurlow*, 2 *Barn. & Cress.*, 547 ; *Westmeath* agt. *Salisbury*, 5 *Bligh.* [*N. S.*], 339 ).

In *Worrall* agt. *Jacob* ( 5 *Meriv.*, 256 ) the master of the rolls held it as settled law that the courts would enforce such an agreement.   To the same effect is *Fletcher* agt. *Fletcher* ( 2 *Cox*, 99 ).   In *Elsworthy* agt. *Bird* ( *supra* ) the vice-chancellor held that, as the agreement contained an engagement on the part of the trustees to indemnify the husband from his wife's debts, in consideration of his stipulation to pay her fifty pounds a year, the court would enforce the stipulation.

It is unnecessary to encumber the record with the citation of authorities in the different states which uphold the same theory.   It will best serve my purpose to refer to decisions in this state in support of the proposition already advanced ( *Heyer* agt. *Burger*, 1 *Hoff.*, 1 ; *Champlin* agt. *Champlin*, 1 *Hoff.*, 55 ; *Carson* agt. *Murray*, 3 *Paige*, 483 ; *Rodgers* agt. *Rodgers*, 4 *Paige*, 516 ; *Calkins* agt. *Calkins*, 22 *Barb.*, 97 ; *Simmons* agt. *McElvain*, 26 *Barb.*, 419 ; *Crapsey* agt. *McKinney*, 30 *Paige*, 47 ; *Wallace* agt. *Bassett*, 41 *Barb.*, 92 ; *Anderson* agt. *Anderson*, 1 *Edwards Ch.*, 380).

From the cases cited the conclusion follows that in articles

Dupre agt. Rein.

of separation between husband and wife, through the inter-vention of a trustee, the covenant, on the part of the husband, to pay a stipulated sum for her support, and that of her trus-tee to indemnify the husband from liability for her debts, are not illegal or contrary to public policy. The remaining ques-tion is the sufficiency of the allegations of the complaint to constitute a cause of action.

The plaintiff has treated the agreement in question as an instrument for the payment of money only ( *Code*, *sec.*, 534 ). Upon this point I think he has misapprehended the spirit and intention of the statute. The contract, on the part of the husband, to pay for the support of his wife was environed by conditions precedent or concurrent, which constituted the consideration of the contract. To set forth an agreement of this character *in extenso* and declare a breach of it for failure to pay is not good pleading. It does not appear that the con-templated separation ever took place ( *Carson* agt. *Murray*, *supra* ).

As the law only tolerates such an agreement when it can be enforced by a third person acting in behalf of the wife ( 4 *Paige*, 516 ), all facts by way of inducement should be pleaded to enable the court to decide whether or not a *prima facie* case is presented. Upon this branch of the demurrer the defendant must prevail, with leave to plaintiff to amend his complaint on payment of costs. Upon the other issues of the case, the demurrer is overruled, with leave to the defend-ant to answer on payment of costs.