## N. Y. COMMON PLEAS.

GEORGE W. ALLEN, trustee, agt. STEPHEN D. AFFLECK.

*Agreement of separation between husband and wife — When of no effect — Agreement between them and a trustee selected by them providing for a separation for life is valid — Although an agreement be void, party benefited by part performance must pay for what he has received — Provision as to custody of children, how to be tested.*

Where a case is submitted on the pleadings, everything stated in the complaint or set up in the answer to it, may be taken as facts agreed upon between the parties.

An agreement of separation between husband and wife is of no effect, unless the parties are separated when the agreement is entered into, or they separate afterwards in pursuance of the agreement.

An agreement between husband and wife and a trustee selected by them, providing for a separation of the husband and wife during life is valid both at law and in equity, and a provision awarding the custody of the children, either to the husband or wife is not necessarily void.

The question how far these agreements are valid discussed.

Although an agreement be void, yet if a party has derived a benefit from it by a part performance, he must pay for what he has received, and the stipulated amount which the trustee was to receive and the husband was to pay may be taken as the measure of damages.

If a provision as to the custody of children be voidable, the husband may test the question by *habeas corpus* or by demanding the custody of the children upon that ground, and then refusing to pay for further maintenance.

*General Term, May,* 1882.

Allen agt. Affleck.

APPEAL from an order of the general term of the marine court, reversing a judgment entered upon a trial of the action had before Mr. justice McADAM, at special term, without a jury. The facts sufficiently appear in the opinion of the court.

*H. T. & J. W. Cleveland,* for plaintiff and appellant.

*A. Simis, Jr.,* for defendant and respondent.

DALY, *C. J.* — This case was submitted on the pleadings, and where this is done everything stated in the complaint, or set up in answer to it, may be taken as facts agreed upon between the parties. An agreement of separation between husband and wife is of no effect, unless the parties are separated when the agreement is entered into, or they separate afterwards, in pursuance of the agreement (*Carson* agt. *Murray,* 3 *Paige,* 483; *Morse* agt. *Craig,* 5 *Bu. & Pul.,* —).

It is not directly averred in the complaint that a separation had taken place, in pursuance of the agreement, but it is inferable from what appears when the whole of the pleading is taken together. It is averred in the complaint that the defendant agreed to pay to the trustee twelve dollars a week for the support and maintenance of the defendant's wife and two children; that the plaintiff agreed that the defendant should not be put to any charge or expense for the support and maintenance of the wife and children beyond this twelve dollars a week; and it appears by the agreement annexed to the complaint that the wife was to take the twelve dollars a week for the support and maintenance of herself and the two children; that the trustee agreed that she would fulfill that engagement, and that he would hold the husband harmless from any expense but the payment of the twelve dollars a week, that he would indemnify and save him harmless from all debts that the wife might thereafter contract, either on her own account or on account of the children. And if the husband was compelled to pay any such debts that he (the

trustee) would repay the sum to him with all damage or loss he might sustain thereby.

It is averred that the trustee fully performed all the conditions on his part, which is equivalent to a statement that the defendant was put to a charge or expense for the support of the wife and children beyond the twelve dollars a week, so far as it may have been paid, which was presumably up to January, 1880. It appears by the answer that the defendant offered, in January, 1880, to support his wife and children if they would reside with him, and that the wife refused his offer, and still refuses to live and cohabit with him; which shows that they were living separate and apart when this offer was made, and continued so to live apart up to the time of the commencement of the action.

The claim was for thirty-six weeks at twelve dollars a week, which is about the time that elapsed from the period when this offer was made and the commencement of the suit. The recovery was $432, with interest, from the thirtieth day of September, which would be thirty-six weeks, or from about the middle of January to the 30th of September, 1880. It, therefore, appears that before the commencement of the period for which this claim of $432 was made the husband and wife were then living separate from each other and continued to do so until the suit was brought, which was all that was requisite in this action to show that a separation had taken place in pursuance of the agreement.

It is well settled that an agreement like this, between the husband and the wife and trustee, for a separation during life is valid and effectual, both at law and in equity (*Calkus* agt. *Levy*, 22 *Barb.*, 106, 107 ; *Carson* agt. *Murray*, 3 *Paige*, 483 ; *Selling* agt. *Crowley*, 2 *Vern.*, 386) ; and, as respects the wife, it would not be invalidated, although the provision in the agreement in respect to the children might be void (*Louth* agt. *Palmer*, 3 *N. Y.*, 19–37 ; *Parsons on Contracts*, 458). Nor, if we assume, upon the authorities cited by the appellant, that the provision respecting the children was one

that the court would not enforce, being void as against public policy, does it necessarily follow that the defendant is not answerable to the trustee for the support of the wife and children so far as the agreement has in good faith been executed. In *Van Sittart* agt. *Van Sittart* (2 *De Gex & J.*, 255), where such a stipulation in respect to the support of the children in an agreement for a separation was held to be void as against public policy, distinction was made between enforcing the specific performance of an agreement for a separation containing such a provision and questions that may arise where such agreements have been executed in a whole or in part. It was said in that case that the father has not only a right to his children but duties to discharge towards them, and that he should not be allowed to fetter and abandon his parental power to the extent that he might do if agreements of this character were sustained.

But where, under such an agreement, the husband has voluntarily left the care and custody of the children to the wife, and they have been supported by the wife and the trustee, under a stipulation that he would pay twelve dollars a week to the trustee for the support of them and the wife, there is no reason, legal or equitable, why, in such a case, the trustee should not recover from him that amount, as money expended with his consent and for his benefit.

An agreement may be void, but if a party has derived benefit under it by a part performance, he must pay for what he has received, and the stipulated amount which the trustee was to receive and the husband was to pay may be taken as the measure of damages (*King* agt. *Brown*, 2 *Hill.*, 485; *Lockwood* agt. *Barnes*, 3 *id.*, 128; *Nones* agt. *Otis*, 2 *Hilton*, 116; *Broadwell* agt. *Getman*, 2 *Denio*, 991; *Mavern* agt. *Pine*, 2 *Car. & P.*, 91; 3 *Bing.*, 285).

If this provision in the agreement was void, and the defendant had afterward demanded the custody of the children of the wife and the trustee, and they had refused to give them up, he could have had them restored to his custody by a writ

Allen agt. Affleck.

of *habeas corpus*, or if he did not resort to that writ, it may be that he would not thereafter be liable to pay the trustee the twelve dollars a week, as they would then be supported by the wife and the trustee against his consent. All, however, that appears by the pleadings is that he offered to support the wife and children if they would reside with him; and that the wife refused. The wife was under no obligation to do so, as the agreement, so far as it related to her right to live separate and apart, was a valid one. It was not an offer to take the children without her, and in no sense can it be regarded as a demand of them alone from her and the trustee. If he wanted the children without her, it was an easy matter simply to so demand them; and if the demand was refused, to have them delivered up to him by the summary remedy of a writ of *habeas corpus*.

It amounted simply to this — as the wife would not come with the children and live with him, he allowed them to remain with her, and to be supported as they were thereafter by her and the trustee. This view of the case is taken upon the assumption that the provision in respect to the children is invalid, but it is by no means a settled question that agreements of that nature are absolutely void. In Massachusetts, Maine and New Hampshire, it would seem, from the adjudged cases, that they are not (*Woodell* agt. *Coggeshall*, 2 *Met.*, 89; *State* agt. *Smith*, 6 *Maine*, 402; *State* agt. *Barrett*, 45 *N. H.*, 15).

Judge Cowen and chancellor Walworth, in *The People* agt. *Mercine* (3 *Hill*, 410; 8 *Paige*, 67, 68), were of the opinion that such agreements are void, but the point has never been expressly adjudged in this State, for it was not essential to the ultimate decision of the court in that case, as the agreement for a separation there was not for a separation during life, but for a temporary period; a kind of agreement which, it has been held, is not binding, and which either party is at liberty at any time to put an end to (*Calkins* agt. *Long*, 22 *Barb.*, 106), and which Barry, the father in that case, did by demanding and recovering the custody of his child.

Allen agt. Affleck.

It is not, in my opinion, necessary to decide whether the agreement in this case was invalid or not. I take occasion, however, to say that I do not see upon what ground it should be deemed void as being against public policy. This instrument declares that divers disputes, unhappy differences and divisions had arisen between the husband and wife, for which reason they consented to live separate and apart during their lives. That the furniture in the house 79 High street, in Brooklyn, was set apart for the use of the wife and children, but was to remain the property of the husband, and was not to be disposed of by the wife. That the husband should pay the trustee twelve dollars a week for the support of the wife and children, which was fixed upon after taking into consideration the value of certain real property which had been conveyed by the husband to the wife. That she was to have the custody and control of the two children and of their education, which was given to her at her request and against the wish and desire of the husband. That one of the children, the son, should spend his Saturdays with the father, and in addition spend every fourth Saturday at the father's place of business or residence, wherever that might be. And that the other child, the daughter, was to be allowed the privilege of visiting and seeing the father whenever he might wish or desire her to do so, and also that the daughter might visit him from time to time as she might desire; and that in case either of the children should be so ill as to be confined to the house, that the husband should be informed of the fact and have the right and privilege of visiting them or either of them, during such sickness, and that at all other reasonable times that he might visit them.

I see nothing in this agreement that is against public policy. So far from indicating any intention on the part of the husband to abandon his parental duties, its provisions are carefully drawn to secure, so far as was compatible under the unhappy circumstances of a separation like this, that intercourse between parent and child which is essential to the

paternal influence; and, also, the exercise on his part of that care and watchfulness, in the event of sickness, which grows out of the paternal anxiety, and is the duty of a parent. The care, custody and education of the children are left to the wife, but it may well have been that that was the best arrangement to make; and, being so, was assented to by him reluctantly and against his wishes.

I fully agree that it is against public policy to uphold agreements by parents, the design or effect of which is to fetter or abandon the parental duties. But it is now well settled that parties may lawfully enter into agreements for separation during life. Judge Cowan, in *The People* agt. *Merien (supra)* calls them " a kind of divorce which the courts cannot very well, at this day, gainsay." This being so, it follows as incidental to such a separation, that some disposition must be made of the children, if they have any. They cannot be brought up under the mutual superintendence of father and mother as before, and must be left in the custody of one of the separating parties. The law generally leaves the custody of children with the father, but where the custody of them comes in question, as it usually does, upon writs of *habeas corpus*, it may be denied, both to the father and the mother, and given to other relatives or to strangers, the rule being that that disposition is to be made which is best for the child (*Kent's Com.*, 205; *Schouler's Domestic Relations*, 338). Upon such a separation, the father may be of the opinion that it is best for the interest of the children that the care of them should be left to the mother, and it by no means follows that because it is so provided in the agreement, that he has abandoned his parental duty.

It appears to me that the parties have, upon their separation, arranged the delicate matter of the care and bringing up of the children as well as the law could do it for them; and where there is nothing more objectionable than appears in the provisions in this agreement, that the custody and bringing up of the children had better be left as the parties have

arranged it, unless we go back and hold, as lord ELDON puts it in *St. John* agt. *St. John* (10 *Vesey*, 530), "that the rule upon the policy of the law is that the contract shall be indissoluble, even by the sentence of the law, that people should understand that, after entering in the sacred contract of marriage, they should feel it to be their mutual interest to improve their tempers." It might be very well if the law could compel this, but it cannot, the temper being in many cases an infirmity of nature which is beyond the power of the party to control. If a husband and wife cannot live together except by a life that is intolerable to both, the law should not be used as an instrument to coerce them to do so, a conviction that has slowly gained ground and gradually led to a recognition of the validity of agreements of this nature for a separation.

I do not propose to pursue this question, which would involve a somewhat critical examination of the cases in which it has been considered, further than to remark, in respect to the two principal ones, that in *The People* agt. *Merien* (*supra*), the agreement of Barry, the husband, was that he would relinquish to his wife all his right, accruing at the time of the agreement and at any future period, to their daughter, provided the wife would require him to do so. And in *Van Sittart* agt. *Van Sittart* (*supra*), it was provided in the agreement that neither of the two elder sons should be sent to any school without the written consent of both husband and wife (*per* KNIGHT BRUCE, *J.*, *p.* 59), in both of which there was more ground for assuming an abandonment of the paternal duty than there is in this case. This contract was executed, both as respects the wife and the children, up to the period for which the twelve dollars a week was recovered by the trustee. Judge McADAM was therefore right in giving judgment for that amount, and in my opinion the judgment of the general term should be reversed, and that of the special term affirmed.