### GILBERT *v.* GILBERT.

(New York Common Pleas — Equity Term, November, 1893.)

In consideration of a wife's consent to live separate and apart from her
   husband, the latter agreed to pay an annual sum for her support. *Held,*
   that the agreement was void, being contrary to public policy.
An unconditional offer by the wife to return to her husband's bed and
   board was refused by him, and both before and after that time he
   refused to contribute to her support. *Held,* that the facts constituted
   both abandonment and neglect or refusal to support within the meaning
   of section 1762 of the Code of Civil Procedure, and justified a decree of
   separation.

   ACTION for separation from defendant's bed and board
because of his abandonment of plaintiff, and neglect or refusal
to provide for her support.

   *John D. Townsend*, for plaintiff.

   *John E. Parsons* and *Edward M. Shepard*, for defendant.

   BISCHOFF, J. I am of the opinion that, upon the facts in
evidence, plaintiff is entitled to judgment for separation from

defendant's bed and board, with a suitable provision for ali-
mony and the costs of this action.

The causes which induced the parties to this action to enter
into an oral agreement among themselves, in September, 1885,
to live separate and apart from each other, I regard as wholly
immaterial.   The enforcement of such an agreement is con-
trary to public policy, and the agreement itself was, therefore,
revocable at the pleasure of either party.   Schouler's Husband
& Wife, §§ 471, *et seq.;* Stewart's Husband & Wife, §§ 40,
*et seq.;* Greenhood Pub. Pol. 489; *Rogers* v. *Rogers,* 4
Paige, 516.

The several statutes of this state which enable a married
woman to contract the same as a *feme sole* affect only her
separate estate, and do not otherwise destroy the legal unity
of husband and wife.   Their personal status and their respect-
ive obligations which arise from the conjugal relation remain
unchanged, and the husband, therefore, continues bound to
harbor, protect and support his wife until, upon just complaint
and for one of the causes prescribed by law, he is freed from
that obligation by judicial decree.   Stewart's Husband &
Wife, §§ 14, 15 ; Cooley, J., in *Snyder* v. *People,* 12 Am.
Rep. 302, 303.

*Galusha* v. *Galusha,* 138 N. Y. 272, cited on the trial by
defendant's counsel, is to the effect that the wife is not entitled
to alimony in addition to the sum provided to be paid for her
support, pursuant to a tripartite agreement, by the terms of
which the husband remains liable upon his covenant to pay to
the wife's trustee, in consideration of the latter's covenant to
save the husband harmless from the debts of the wife con-
tracted for necessary support; and that in such a case, it
appearing that the agreement was not made to induce husband
and wife to separate, the remedy is upon the agreement.
That case is, however, readily distinguishable from the one at
bar.   An agreement made with an intervening trustee for the
wife, providing for her support pending separation, and not
made to induce the separation of husband and wife, is not
objectionable on grounds of public policy, and has been

repeatedly declared to be operative and valid. In the present case, however, the promise of the defendant to pay an annual sum for his wife's support was made in consideration of plaintiff's consent to live separate and apart from her husband, and, since the consideration is abhorrent on grounds of public policy, the agreement fails.

In December, 1891, pending a cessation of legal hostilities between the parties, plaintiff offered unconditionally to return to defendant's bed and board. Her offer was refused by him, and both before and since that time, and up to the time of the commencement of this action, he persistently refused to contribute in any way towards her support. These facts constitute both abandonment and neglect, or refusal to support within the meaning of section 1762 of the Code of Civil Procedure. *Ahrenfeldt* v. *Ahrenfeldt*, Hoff. Ch. 47; *Ruckman* v. *Ruckman*, 58 How. Pr. 278; *Clearman* v. *Clearman*, 15 Civ. Proc. Rep. 313.

The decree should be settled on notice.