(29 Misc. Rep. 666.)

### POILLON v. POILLON.

(Supreme Court, Trial Term, New York County. November, 1899.)

1. HUSBAND AND WIFE—CONTRACT OF SEPARATION—PUBLIC POLICY.

A contract between husband and wife whereby he agreed to pay her a certain sum per month for the support of herself and children, as an inducement for an agreement that they should thereafter live separate and apart from each other, is void as against public policy, where at the time of its execution they were living together, and neither had been guilty of conduct which would justify a separation.

2. SAME.

Under Laws 1896, c. 272, providing that a wife may contract with her husband as fully as though unmarried, but that nothing in the act should authorize the husband and wife to enter into any contract by which the marriage relation should be altered or dissolved, or release the husband from his obligation to support his wife, a contract between a husband and wife, made after they have separated, whereby the husband agrees to pay the wife a certain sum in consideration of her living separate from him, will not be enforced, unless made with a trustee for the wife.

Action by Frederica M. Poillon against John J. M. Poillon to recover installments due under articles of separation. Judgment for defendant.

Duer, Strong & Whitehead, for plaintiff.

Frayer, Smith, White & Seaman, for defendant.

McADAM, J. The action is upon an agreement made by the defendant with the plaintiff, his wife, whereby the husband agreed to pay to the plaintiff the sum of $250 per month for the support of herself and children. The agreement bears date May 1, 1898, and recites that in consequence of certain differences the parties "do mutually consent and agree to hereafter live separate and apart from each other." Plaintiff demands judgment for $250, the installment due May 1, 1899. Another action was brought for the installment due June 1, 1899, and by an order of the court the two actions were consolidated; and they have been tried as one, so that the recovery asked is $500, with interest. The sole question to be decided is whether the agreement is one which can be enforced. The agreement is attacked on two grounds:

1. That, as a voluntary agreement to live separate and apart, it is void. There is neither allegation nor proof that the parties had separated prior to the making of the agreement, or that either had been guilty of such misconduct as in law justified a separation. From all that appears to the contrary, the agreement was a voluntary one by which husband and wife, living together, mutually agreed to thereafter "live separate and apart from each other." The court, in Florentine v. Wilson, Hill & D. 304, referring to such an agreement, said:

"The recitals in this indenture clearly show that it was made and executed in contemplation of, and as an inducement to, a future separation between the defendant and Ellenor, his wife, and ought not to be upheld. It recites that the parties had mutually agreed with each other to live separate and apart during their natural lives, and that the husband had proposed and agreed that he would pay for her support and maintenance a certain weekly allowance, in pursuance of which arrangement the articles of separation were entered into.

Whatever may be our opinion in a case where a separation has actually taken place for good and sufficient cause, as recognized by the law of the land, in consequence of which, and as arising out of, and founded upon, such a state and condition of the marital relations, articles of separation have been entered into by the husband for her maintenance on being relieved from all liability for her debts, we feel bound to say that no such agreement can receive our sanction which has for its immediate object such separation,—an agreement made and entered into in contemplation of, and with the express view of, bringing it about.  To give validity to such postnuptial contracts would be but holding out to the parties temptations to the voluntary repudiation of conjugal rights and abandonment of marital duties,—to encourage, in effect, a dissolution of the marriage contract."

The court, in Hungerford v. Hungerford, 16 App. Div. 614, 44 N. Y. Supp. 975, voiced the same sentiment by holding in that case that:

"The agreement of separation was void as against public policy.  It was executed between the parties before separation, and for the express purpose of creating a separation.  While the courts have sustained agreements of separation after the parties have separated, and the breaking up of the family was an accomplished fact, they have, with scarcely a dissent, held agreements of separation, with a view of destroying the family relation, void."

2. That, as the agreement was made without the intervention of a trustee, it is on that account void.  The court, in Rogers v. Rogers, 4 Paige, 517, said:

"The law of the land does not authorize or sanction a voluntary agreement for separation between husband and wife.  It merely tolerates such agreements when made in such a manner that they can be enforced by or against a third person acting in behalf of the wife."

A postnuptial contract of separation, made with the intervention of a trustee, will be upheld and enforced in equity, not as the contract of the wife, but that of the husband and the intervening trustee; the wife signing merely to indicate her assent.  St. John v. St. John, 11 Ves. 531; Legard v. Johnson, 3 Ves. 358; Head v. Head, 3 Atk. 295; Rogers v. Rogers, supra; Calkins v. Long, 22 Barb. 103.  The obligation of the husband to support, and the trustee to indemnify the husband against the wife's debts, as provided in the agreement, has been upheld by enforcing articles of separation when there has been a present and actual separation of the parties.  This doctrine has been recognized in England (Warrender v. Warrender, 2 Clark & F. 527; Elworthy v. Bird, 2 Sim. & S. 372; Wilson v. Wilson, 31 Eng. Law & Eq. 29, 1 H. L. Cas. 538; Jee v. Thurlow, 2 Barn. & C. 547; Westmeath v. Salisbury, 5 Bligh. [N. S.] 339) and in this country (Dupre v. Rein, 56 How. Prac. 228; Id., 7 Abb. N. C. 256; Allen v. Affleck, 10 Daly, 509; Id., 64 How. Prac. 380; Potter v. Potter, 8 Civ. Proc. R. 151; Clark v. Fosdick, 13 Daly, 500, affirmed in 118 N. Y. 7, 22 N. E. 1111, 6 L. R. A. 132; and kindred cases).  On the other hand, an agreement between husband and wife, without the intervention of a trustee, whereby the parties agree to live separate and apart,— the wife agreeing to support and maintain herself, and the husband contracting, inter sese, to pay her a sum of money therefor,—is wholly void and incapable of enforcement.  Rogers v. Rogers, supra; Florentine v. Wilson, supra; Cropsey v. McKinney, 30 Barb. 47; Morgan v. Potter, 17 Hun, 403; Van Order v. Van Order, 8 Hun, 315; Beach v. Beach, 2 Hill, 264; Tallinger v. Mandeville, 48 Hun, 152, affirmed

in 113 N. Y. 432, 21 N. E. 125; and kindred cases. The agreement sued upon is of the character declared to be void by these cases. The plaintiff claims that the former rule has, by modern legislation and decisions, become relaxed, so that a trustee to a separation agreement is no longer required; and Carpenter v. Osborn, 102 N. Y. 552, 7 N. E. 823, and Pettit v. Pettit, 107 N. Y. 677, 14 N. E. 500, are referred to as authorities sustaining this view. Carpenter v. Osborn, supra, was an action founded on judgments recovered on a separation agreement to set aside a conveyance made by the husband in fraud of the wife. The court held that the judgments recovered were conclusive against the husband, and therefore precluded the defendant in that action from raising any question as to the validity of the articles of separation. In Pettit v. Pettit, supra, the parties had separated, and, pending an action for limited divorce brought by the wife against the husband, a settlement was agreed upon between them, and a contract entered into in pursuance thereof to the effect that the property of the husband should be sold, and, after payment of his debts, one-third of the proceeds should be paid to the wife, and that the parties should live separate. The agreement, in a modified form, was fully performed by the wife by joining with her husband in the execution of a deed of conveyance to the purchaser at the sale. The wife had effectually extinguished her dower, and the court held that, under such circumstances, the action by the wife to recover her share of the proceeds of the sale so agreed to be paid to her was maintainable. It is difficult to discover anything in either of these two cases at all relevant to the objection raised here. Nor is the plaintiff's contention aided by the act of 1892 (chapter 594), which provides that a married woman "may contract with her husband or any other person to the same extent, with like effect, and in the same form as unmarried," because the legislature very guardedly provided that nothing therein contained "shall be construed to authorize the husband and wife to enter into any contract by which the marriage relations shall be altered or dissolved, or to relieve the husband from his liability to support his wife." This act was repealed on the passage of the domestic relations law (Laws 1896, c. 272), by which, however, it was substantially re-enacted in section 21 thereof. No substantial change respecting the marital relations was accomplished by these statutes, and the revisers, in their note, state that none was intended. 1 Birdseye's Rev. St. (2d Ed.) p. 933. The main question involved has already been decided contrary to the construction contended for by the plaintiff. Whitney v. Whitney, 4 App. Div. 597, 36 N. Y. Supp. 891, and 39 N. Y. Supp. 1136; Gilbert v. Gilbert, 5 Misc. Rep. 555, 26 N. Y. Supp. 30. And this controversy might have been disposed of by a simple reference to those cases, if the plaintiff's counsel had not shown great confidence in their position, and argued it with much ability.

Upon both grounds urged against a recovery there must be judgment for the defendant.