(85 Misc. Rep. 584)

### GRAY v. GRAY.

(Supreme Court, Special Term, New York County. May, 1914.)

1. DIVORCE (§ 46*)—DEFENSES—PROVOCATION.
    Where a husband sues for divorce, has his wife arrested, replevins the furniture, publishes a notice not to credit his wife on his account, she is not entitled to a decree for separation, where she did much to foment difficulty and was not free from blame.
    [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 145–159; Dec. Dig. § 46.*]

2. DIVORCE (§ 239*)—FAILURE TO SUPPORT—EVIDENCE.
    Evidence held to support allegations of abandonment and failure to support, entitling plaintiff to a decree requiring her husband to pay her a stipulated weekly sum.
    [Ed. Note.—For other cases see Divorce, Cent. Dig. §§ 673, 674, 683; Dec. Dig. § 239.*]

Action by Justine S. Gray against John Boyd Gray for separation. Judgment for plaintiff.

See, also, 162 App. Div. 586, 148 N. Y. Supp. 24.

Evan Shelby, of New York City, for plaintiff.
H. Randolph Guggenheimer and John J. Curtin, both of New York City, for defendant.

COHALAN, J. [1] Action for a separation. The complaint sets up three grounds for relief: (1) Cruel and inhuman ·treatment; (2) abandonment; and (3) failure to support. The first cause of action is divided into six specifications: (a) The bringing of a divorce suit by the defendant against the plaintiff; (b) the alleged arrest of the plaintiff by the defendant; (c) the bringing of an action to replevin the

---

*For other cases see same ·topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

furniture in defendant's apartment at No. 596 Riverside Drive, New York City; (d) the breaking in by defendant to his apartment at No. 596 Riverside Drive; (e) publishing of a notice by defendant that he would no longer allow his credit to be used by the plaintiff; and (f) defendant causing the telephone service to be cut off and causing merchants who furnished supplies to the apartment to discontinue the same for the purpose of forcing the plaintiff to move from the said apartment. It is unnecessary to consider seriatim these respective specifications, because it is my view that the plaintiff has not established her first cause of action. There is no allegation of physical violence in the complaint, and the courts have gone so far as to define cruel and inhuman treatment as follows:

"There must be either actual violence committed with danger to life, limb, or health, or there must be a reasonable apprehension of such violence." Kennedy v. Kennedy, 73 N. Y. 372.

There is no evidence of such cruelty in the case, nor is there such a continuity of harsh treatment on the part of the defendant as to constitute in se a sufficient basis for a separation suit. Isolated acts of cruelty do not meet the requirement. Temperamentally the plaintiff is as unfortunate as is the defendant. She is a woman of a nervous disposition, given to hysteria, and when in such a condition is apparently neither responsible for nor aware of her acts. How far the defendant aggravated this condition is an open question. The narration of her story while on the stand indicates this. The disinterested testimony of the witness Ann Keane amply confirms it, and in addition it enables the court to form a proper estimate of the peculiar relations of the parties. It is enough to say that on the first ground the plaintiff did much to foment difficulty, and is not free from blame for several of the trying situations in which the parties figured. In considering subdivisions a, b, c, and d, as to whether these charges constitute cruel and inhuman treatment, the good faith of the defendant is of importance. If he instituted a divorce action maliciously and without reasonable grounds for so doing, then his conduct must be held to be cruel and inhuman, even though no violence had been actually committed upon her. However, if a husband has reason to suspect his wife of infidelity, it is neither cruel nor inhuman to charge her with it, although personal violence is not justifiable. De Meli v. De Meli, 120 N. Y. 485, 24 N. E. 996, 17 Am. St. Rep. 652; Kennedy v. Kennedy, 73 N. Y. 369. The good faith of the defendant enters into all these transactions, and no evidence inconsistent with his declarations in this regard has been adduced.

[2] With respect of the questions of abandonment and nonsupport, I am constrained to resolve the issues in favor of the plaintiff. It is undisputed that the defendant on the 13th day of April, 1913, left the plaintiff at the Pennsylvania Station. She went to her home, where she remained until her supplies were exhausted. He took up his abode in a hotel; he has not offered to resume relations with her, and he has not properly requested her to return to him. His terms of reconciliation—that they live together occasionally and in secret—no self-respecting woman could entertain. The defendant's excuse for his fail-

ure to live with the plaintiff is not satisfying. If she be a woman of nervous temperament and predisposed to hysterical attacks, all the more does she deserve his sympathy and his care.· At best it is no reason why he should withhold support from her. The parties had been married for seven years when she secured, in 1911, a divorce from the defendant. He knew, therefore, her disposition and her weaknesses, yet he remarried her and again assumed the marital and legal obligation of supporting her. He could not have been coerced— despite what he may now say—into the resumption of these relations. Moreover, in the letter of the 13th day of April, 1911, he confessed his own weaknesses, and in part admitted that he was responsible for the existence of unfortunate conditions. The proof of the abandon- · ment and the apparent determination of the defendant not to return to the plaintiff is accentuated by the fact that he instituted an unsuccessful divorce suit against her. She is entitled to relief, unless the abandonment is justified by the defendant's proof. The fact that a wife is so temperamentally constituted as to be nervous and hysterical, that under stress of emotion—mayhap caused by the jarring nature of her husband—she may have attempted irrational acts, are reasons rather for care and commiseration than for an abandonment. It would seem that conduct that would justify a husband in abandoning a wife is conduct that would entitle him to a separation or to a divorce. Williams v. Williams, 130 N. Y. 193, 29 N. E. 98, 14 L. R. A. 220, 27 Am. St. Rep. 517; Uhlmann v. Uhlmann, 17 Abb. N. C. 236; Gilbert v. Gilbert, 5 Misc. Rep. 555, 26 N. Y. Supp. 30. The fact that the husband has contributed toward the wife's support after he has ceased to live with her, with a fixed determination not to resume his marital life with her, is no reason for denying a separation on the ground of abandonment. Clearman v. Clearman, 15 Civ. Proc. R. 313, 2 N. Y. Supp. 356.

The facts and circumstances in the case of Brokaw v. Brokaw, 66 Misc. Rep. 307, 123 N. Y. Supp. 17, are not dissimilar to the facts and circumstances in the case at bar. In that case a separation for the wife was granted. The evidence shows that since the week ending on the 21st day of November, 1913, defendant has not contributed to the plaintiff's support, except the alimony awarded on the 24th day of March, 1914, by an order of the Special Term. The agreement of the 12th day of January, 1912, and the agreement of the 22d day of August, 1913, are not legal defenses to the plaintiff's claim for support. The former instrument is apparently against public policy, and the latter was breached by the defendant. It is admitted that the defendant is maintaining a cottage at Long Beach, L. I., and is incurring expenses which indicate that he is sufficiently able to pay substantial· alimony. The plaintiff is still the defendant's wife, and she is entitled to his support, and it is not unreasonable that he should be required to pay her the sum of $30 per week. Decision and judgment may be submitted on notice.

Judgment accordingly.