ANDERSON
v.
ANDERSON.

ANDERSON *vs.* ANDERSON.

---

A deed of separation is no bar to a suit for a divorce.

---

*September 24,*    THE bill in this cause was filed by a wife against her hus-
*1832.*    band for a divorce, on account of alleged adultery.

*Effect of Sepa-*    A petition was now presented to the court for temporary
*ration Deed in*    alimony and money to carry on the suit.
*suit for a Di-*
*vorce.*    This application was met by an affidavit and copy of a sepa-
ration deed, dated the twentieth day of March, one thousand
eight hundred and thirty-two. By this deed, the husband agreed
to pay and advance to her the annual sum of one hundred and
fifty dollars, in quarter-yearly payments.

The bill had been filed on the nineteenth day of September,
one thousand eight hundred and thirty-two ; and the acts of
adultery were charged to have been committed after the deed
of separation was executed.

Mr. *Phœnix*, in support of the application.

Mr. *F. A. Tallmadge*, in opposition.

*October 1.*    THE VICE-CHANCELLOR. This court will not interfere by
virtue of its general jurisdiction, to compel a husband and wife
to live together, when they have separated ; nor force them to
live apart when they are cohabiting. But, if they agree to live
separate and do separate accordingly, and the husband stipu-
lates to allow the wife a maintenance, equity, acting upon the
contract, will enforce such contract against the husband so long
as the separation continues : *Clancy, ch. 4, p.* 397.

But the jurisdiction of the court of chancery and the practice
of the English ecclesiastical courts are blended in our equity
powers. And these ecclesiastical courts do not consider a
voluntary separation between husband and wife as amounting

to any thing. This arises from the indissolubility of marriage. It remains, even though the parties have separated. The duties which it imposes are the same after as well as before such separation: *Poynter*, 220. 240. A deed of separation cannot be pleaded in bar to a suit for a divorce, either previous or subsequent to the act alleged: *Beeby* v. *Beeby, Haggard's Cons. R.* 143. *n.* It is no acquiescence in her injuries: *Durant* v. *Durant*, 1 *Hagg. Eccles. R.* 760. Nor can it be pleaded in a suit for restitution of conjugal rights, even though the settlement contain a covenant not to bring such a suit: *Westmeath* v. *Westmeath*, 2 *Hagg. Eccles. R.* 115.

The result is, that the complainant is entitled to file the bill, notwithstanding the deed of separation. Its provisions, in regard to maintenance, may be enforced. And the court may, as in ordinary cases, direct an advance to be made for the purposes of the suit. As the deed of separation has not been annulled, I shall order the amount mentioned in it to be paid, and also one hundred dollars to the solicitor for the complainant.