Larremore, J.
[After stating the facts.]—The first ground must be overruled. The contract with plaintiff was for the benefit of another. This constituted him a trustee of an express trust (Code Civ. Pro. § 449). He alone would be liable to the husband for the wife’s breach of covenants (Bishop on Mar. & Div. § 647), and the action is properly brought in his name (Parsons on Contr. § 357 ; Fenner v. Lewis, 10 Johns. 38 ; Nichols v. Palmer, 5 Day [Conn.] 47; Goddard v. *258 Beebe, 4 Greene [Iowa], 350 ; Dunning v. Williams, 26 Conn. 226).
The second ground of demurrer puts at issue both the validity of the agreement and the sufficiency of the allegations of the complaint.
The courts have never recognized nor countenanced any agreement between husband and wife that seeks, independent of the statute, to effect a practical dissolution of the marriage relation. But the obligation of the husband to support, and the trustee to indemnify, as provided in this agreement, has been repeatedly upheld by express judicial sanction, when there has been a present and actual separation.
Lord Brougham recognized this doctrine in Warrender v. Warrender (2 Clark & F. 527), and other English authorities maintain it (Elworthy v. Bird, 2 Sim. & S. 372; Wilson v. Wilson, 31 Eng. Law & Eq. 29 ; 1 Ho. Lords Cas. 538 ; 5 Id. 40; Jee v. Thurlow, 2 Barn. & Cress. 547 ; Westmeath v. Salisbury, 5 Bligh, N. S. 339).
In Worrall v. Jacob (5 Meriv. 256), the master of the rolls held it as settled law that the courts would enforce such an agreement. To the same effect is Fletcher v. Fletcher (2 Cox, 99). In Elworthy v. Bird, supra, the vice-chancellor held that, as the agreement contained an engagement on the part of the trustees, to indemnify the husband from his wife’s debts, in consideration of his stipulation to pay her £50 a year? the court would enforce, the stipulation.
It is unnecessary to incumber the record with the citation of authorities in the different States Which uphold the same- theory. It will best serve my purpose to refer to decisions in this State, in support ■ of the proposition already advanced: Heyer v. Burger, 1 Hoff. 1; Champlin v. Champlin, Id. 55; Carson v. Murray, 3 Paige, 483 ; Rodgers v. Rodgers, 4 Id. 516 ; Calkins v. Calkins, 22 Barb. 97 ; Simmons v. McElvain, *259 26 Id. 419 ; Cropsey v. McKinney, 30 Barb. 47 ; Wallace v. Bassett, 41 Barb. 92; Anderson v. Anderson, 1 Edw. Ch. 380.
From the cases cited the conclusion follows that in articles of separation between husband and wife, through the intervention of a trustee, the covenant on the part of the husband to pay a stipulated sum for her support, and that of her trustee to indemnify the husband from liability for her debts, are not illegal or contrary to public policy. The remaining question is, the sufficiency of the allegations of the complaint to constitute a cause of action.
The plaintiff has treated the agreement in question as an instrument for the payment of money only (Code, § 534). Upon this point, I think, he has misapprehended the spirit and intention of the statute. The contract on the part of the husband to pay for the support of his wife was environed by conditions precedent or concurrent, which constituted the consideration of the contract. To set forth an agreement of this character, in extenso, and declare a breach of it for failure to pay, is not good pleading. It does not appear that the contemplated separation ever took place (Carson v. Murray, supra;).
As the law only tolerates such an agreement when it can be enforced by a third person, acting in behalf of the wife (4 Paige, 516), all facts by way of inducement should be pleaded to enable the court to decide whether or not & prima facie case is presented. Upon this branch of the demurrer the defendant must prevail, with leave to plaintiff to amend his complaint on payment of costs. Upon the other issues of the case the demurrer is overruled, with leave to the defendant to answer, on payment of costs.