BAINBRIDGE S. CLARK, as Trustee of Jennie P. Fosdick, Respondent, *against* C. BALDWIN FOSDICK *et al.*, Appellants.

(Decided June 7th, 1886).

By an agreement for separation of husband and wife, which recited that it was made between the husband and wife, as principals, and plaintiff and another person named, as sureties, the husband covenanted to and with the wife and plaintiff, among other things, to pay to plaintiff, for the support and maintenance of the wife and children, a certain yearly sum; and plaintiff covenanted that he would indemnify the husband against all debts of the wife, then existing or thereafter contracted; and

Clark *v.* Fosdick.

the other person named as surety covenanted that the husband should perform all of the conditions on his part, and particularly that he should pay the sum of money mentioned. *Held*, that the agreement was valid, and constituted plaintiff a trustee of an express trust, entitled to sue in his own name for a payment under the agreement.

The complaint in such an action need not set forth facts showing the existence of grounds for a limited divorce; allegations that the parties, immediately after the execution of the agreement, acted upon it, and have since continued to do so, are sufficient.

Such an agreement is not annulled by a decree of divorce obtained by the wife in another state for cause exisiting prior to the execution of the agreement.

APPEAL from a judgment of the General Term of the City Court of New York affirming a judgment of that court entered upon an order overruling a demurrer to a complaint.

The facts are stated in the opinion.

*George W. Lyon* and *H. M. Whitehead*, for appellants.

*Jabish Holmes, Jr.*, and *Horace Russell*, for respondent.

BOOKSTAVER, J.—This action was brought against the defendants by the plaintiff, as trustee, to recover the quarterly payment of $625, due on December 1st, 1885, under certain articles of separation, executed by C. Baldwin Fosdick and Charles B. Fosdick, of the one part, and Jennie P. Fosdick, wife of C. Baldwin Fosdick, and Bainbridge S. Clark, of the other part.

The defendants interposed a demurrer to the complaint, on the grounds :

" *First*. That the plaintiff has not the legal capacity to sue, for that the trust has ceased, and the plaintiff has no longer any interest, the only party in interest at the time of the commencement of the action being Jennie P. Fosdick.

" *Second*. That said complaint does not state facts sufficient to constitute a cause of action.

" *Third*. That there is a defect of parties plaintiffs, in that Jennie P. Fosdick is not named therein as a party plaintiff therein."

Upon the argument in this court, plaintiff's first contention was, that the articles of separation were invalid upon their face, as without a good consideration, and as not showing that the bill of separation would lie.

Counsel for the defendants admitted that the articles of separation would be good under the English decisions, but claims that they were not good under decisions in this state; and relies upon *Rogers* v. *Rogers* (4 Paige 516); *Beach* v. *Beach* (2 Hill 260); *Cropsey* v. *McKinney* (30 Barb. 47); *Morgan* v. *Potter* (17 Hun 403).

In *Rogers* v. *Rogers*, as far as appears from the case, the agreement to live separate was executed directly between the husband and wife; for the Chancellor says: "Although her brother, in whose name the suit was instituted as the next friend of the complainant, gave no written assent to the terms of the settlement, he was undoubtedly consulted in relation to the propriety of the compromise of the suit." And again, in speaking of articles of separation, he says: "It merely tolerates such agreements when made in such a manner that they can be enforced by or against a third person, acting in behalf of the wife."

*Beach* v. *Beach* was an action at law, and the court held that, in such an action, articles of separation of the character of those then under consideration would not be upheld; but admits that where the articles of separation were made with a third party, and the husband was properly indemnified against the wife's acts, by a trustee, the agreement would be enforced in equity; thus recognizing their validity.

In *Cropsey* v. *McKinney*, there was no covenant in the deed of separation, on the part of the trustee, to indemnify the husband against the debts of his wife, and consequently there was no consideration moving the husband to its execution, and it was held void.

In *Morgan* v. *Potter*, the transaction was directly between the husband and wife, without the intervention of a trustee.

In the agreement in this action, although it recites that it was made between the husband and wife, as principals, and

the defendant Charles B. Fosdick and Bainbridge S. Clark, as sureties, yet, in the body of the instrument, the defendant C. Baldwin Fosdick covenanted "to and with the said Jennie P. Fosdick his wife; and also to and with the said Bainbridge S. Clark, . . . that the said C. Baldwin Fosdick should well and truly pay or cause to be paid unto the said Bainbridge S. Clark, for the support and maintenance of his wife . . . and their children, the yearly sum of $2,500." And Charles B. Fosdick covenanted that C. Baldwin Fosdick would perform all the conditions of the agreement on his part to be performed, and particularly that he would pay the said sum of $2,500.

Bainbridge S. Clark, the plaintiff in this action, also covenanted, among other things, that he would indemnify and bear harmless the said C. Baldwin Fosdick from all debts of his wife then existing or that might thereafter be contracted by her.

In *Dupré* v. *Rein* (7 Abb. N. C. 256), it was decided by this court that such a contract was for the benefit of another, and that this constituted the plaintiff a trustee of an express trust.

That such agreements are valid under the laws of this state, we think, is well sustained by the following decisions: *Carson* v. *Murray* (3 Paige 483); *Champlin* v. *Champlin* (1 Hoff. Ch. 54); *Heyer* v. *Burger* (1 Hoff. Ch. 1); *Anderson* v. *Anderson* (Edw. Ch. 380); *Allen* v. *Afflick* (64 How. Pr. 380); *Dupré* v. *Rein* (*supra*); *Potter* v. *Potter* (MSS. Opinion City Court).

Defendants also contend that even if the agreement was valid, it was not properly declared upon, because it did not set forth facts showing the existence of grounds for a limited divorce, and also, because it does not state that the defendants have had access to the children, or that the wife had not incurred debts which the defendants had become liable for or been obliged to pay.

We do not think it is necessary to allege in the complaint the existence of the grounds for a limited divorce, as fully as in an action for such divorce. The complaint alleges

that the parties, immediately after the execution of the agreement, acted upon it, and have continued to do so ever since. In our judgment, the allegations contained in the complaint are sufficient, and it is not subject to the criticisms made in *Dupré* v. *Rein* (*supra*).

The other matters which defendants' counsel claims should have been stated are matters of defense; and if they exist, should have been taken advantage of by answer.

Defendants also contend that, although the agreement may be valid, yet the decree of divorce obtained in another state terminated the separation agreement.

This we think very pertinently answered by Judge BEACH, in deciding a demurrer to a bill brought by defendants in the Supreme Court, to prevent the plaintiff and Jennie P. Fosdick from commencing action upon this agreement.

He says: " That this undertaking was assumed for the purpose of fulfilling a legal obligation to support the wife is quite probable, it being the legal effect, but that it was to provide her and the children with support so long as she continued to be his wife, and not thereafter, is an idea impossible to entertain, for no such restriction is in the agreement. I think the principal question presented by the demurrer is, whether or not the divorce subsequently obtained by the wife, for cause existing prior to the articles of separation, renders the agreement null and void. This appears to have been settled in the negative by numerous adjudications (Stewart on Marriage and Divorce § 191); *Grant* v. *Budd* (30 Law Times Rep. 319); *Charlesworth* v. *Holt* (43 L. J. N. S. Exch. 25); *Anderson* v. *Anderson* (1 Edw. Ch. 380); *Wright* v. *Miller* (1 Sandf. Ch. 103, 124, 126)."

That the plaintiff has the legal capacity to sue, we think has been abundantly decided (Code Civ. Pro. § 449); *Dupré* v. *Rein* (*supra*); *Potter* v. *Potter* (*supra*); *Greenfield* v. *Massachusetts Mut. Life Ins. Co.* (47 N. Y. 430); *Hughes* v. *Mercantile Mut. Ins. Co.* (44 How. Pr. 351).

As to the contention that the decree of divorce awards the

custody of the children to the wife, and that this is a violation of the articles of separation, it is sufficient to say that the articles of separation themselves provided that she should have their custody, and these would not be violated until the wife actually refused to allow the husband or his parents access to the children.

Defendants state in their brief that they do not seek to answer over. We think, therefore, the judgment should be affirmed, with costs.

ALLEN, J., concurred.

Judgment affirmed, with costs.