MABEL WESTOVER, Plaintiff, v. HENRY R. WESTOVER, Defendant.

Supreme Court, Chautauqua County, January 4, 1929.

*John Leo Sullivan*, for the plaintiff.

*Walter Record*, for the defendant.

HARRIS, J. The above-entitled cause was submitted to this court for decision upon the following agreed statement of facts:

" The parties intermarried on or about the 3rd day of November, 1909, lived together several years, disagreed and separated. February 18th, 1922, a written separation agreement was entered into between the parties, the same is offered in evidence, under it defendant herein agreed to pay $15 per week for support of his wife and their one child till the marriage of the child or till her arrival at the age of 18 years. The child Dorothy is married and married in April, 1928, and will be 18 years of age next April. It was also provided in said contract that after the marriage or arrival at the age of 18 years of said child, Dorothy, defendant was to pay to plaintiff ten dollars per week till she married.

" Defendant paid for some years and then ceased to pay.

" On December 10th, 1924, this defendant was granted a divorce against this plaintiff at Cleveland, Ohio, which decree of divorce and its filings and endorsements are in evidence and by which it appears that the marriage was dissolved and both parties released therefrom. In this action in Cleveland Mabel Westover was duly served by publication, and duly appeared by her attorney, Lee C. Robertson, as appears by said exhibits in evidence.

" The question here is whether the separation agreement continues in force after the dissolution of the marriage and the entry of said divorce decree."

The separation agreement, which was offered and received in evidence, is an agreement which recites that the parties thereto, the plaintiff and defendant above named, were separated and living apart, and that an action had been brought by the plaintiff above named against the defendant above named for a separation; and further recites that, for the purpose of settling all claims, liabilities and differences between the parties, said agreement was made; and such agreement not only provides for the support of the plaintiff and the infant child of the parties hereto, but further provides for the sale of certain real estate and for the joining of the plaintiff wife in any instruments necessary to release any right that she might at any time have in the real or personal property of the defendant husband. The provision in reference to the payment to the plaintiff of the sum of ten dollars per week, which is to be construed in this action, recites: " Said Henry R. Westover shall continue to pay to said Mabel Westover the sum of ten dollars per week, unless she remarries, in which event said payment shall cease, it being the intention that said Mabel Westover shall be paid ten dollars per week for her support and maintenance and five dollars per week for the support and maintenance of the daughter of the parties."

It is not and cannot be disputed that the divorce obtained in Ohio was a valid dissolution of the marriage between the parties hereto; and if the agreement could be so read and construed as to show that it was not the intention of the parties to provide for the support of the plaintiff wife after a dissolution of the marriage, then the dissolution of the marriage would have caused the cessation of the payments under the separation agreement. (*Boate* v. *Boate*, 114 Misc. 321.)

But the agreement which the court is asked to construe in this action provides specifically that payments should be made until the wife remarries, and such language indicates that it was the intention of the parties to this action in making such separation agreement to provide for the support of the wife by the husband according to the terms of such separation agreement, even though the marriage relation was dissolved after such separation agreement was made. The courts of this State have held that if the parties to such an agreement intend that the support should continue after a dissolution of the marriage relation, then such intention controls and the separation agreement remains in full force and effect, even after the marriage relation is dissolved. (*Clark* v. *Fosdick*, 118 N. Y. 7, affg. 13 Daly, 500; *Galusha* v. *Galusha*, 116 N. Y. 635; *Carpenter* v. *Osborn*, 102 id. 552; *Bell* v. *Metz*, 224 App. Div. 377.)

In view of the foregoing, the plaintiff is entitled to judgment against the defendant for the amount provided for in such agreement unpaid at the time of the commencement of the action, with interest thereon and with costs.

Findings and decree in accordance with the above may be submitted to me for signature.