ELIZABETH RENNIE, Respondent, *v.* ROBERT G. RENNIE, Appellant.

Submitted October 20, 1941; decided November 27, 1941.

*William C. Kronmeyer* for appellant. The trial court did not err in limiting the recovery on the second cause of action and refusing recovery for installments under the separation agreement after November 22, 1938. (*Pinkus v. Pinkus*, 230 App. Div. 791; *O'Brien v. O'Brien*, 299 N. Y. Supp. 511; *Sockman v. Sockman*, 300 N. Y. Supp. 187; *Mangone v. Mangone*, 130 Misc. Rep. 712; *Landes v. Landes*, 172 App. Div. 758; *Lawsberg v. Lawsberg*, 171 App. Div. 354; *Halstead v. Halstead*, 74 N. J. Eq. 596). The Appellate Division erred in holding that the filing of a counterclaim by the plaintiff in the New Jersey action asserting a claim for support and her motion for relief would not justify a holding as a matter of law that plaintiff had surrendered all rights under the separation agreement. (*O'Brien v. O'Brien*, 299 N. Y. Supp. 511; *Sockman v. Sockman*, 300 N. Y. Supp. 187; *Lawsberg v. Lawsberg*, 171 App. Div. 354; *Pinkus v. Pinkus*, 230 App. Div. 791; *Breiterman v. Breiterman*, 239 App. Div. 709; *Schenck v. State Line Telephone Co.*, 238 N. Y. 308; *United States v. Oregon Lumber Co.*, 260 U. S. 290; *Whalen v. Stuart*, 194 N. Y. 495; *Randolph v. Field*, 165 App. Div. 279; *Graves v. White*, 87 N. Y. 463; *Butler v. Butler*, 206 App. Div. 214; *Mangone v. Mangone*, 130 Misc. Rep. 712.)

*David Rapoport* for respondent. It was erroneously held by the trial court that, as a matter of law, the plaintiff, merely by counterclaiming for separation and maintenance had abrogated the separation agreement. (*Randolph v. Field*, 165 App. Div. 279; *Butler v. Butler*, 206 App. Div. 214; *Cain v. Cain*, 188 App. Div. 780; *Hirschthal v. Hirschthal*, 235 N. Y. Supp. 451; *Woods v. Bard*, 285 N. Y. 11; *Henry v. Herrington*, 193 N. Y. 218; *Clark v. Kirby*, 243 N. Y. 295; *Randall v. Randall*, 279 N. Y. Supp. 806.)

*Per Curiam.* We agree with the Trial Term that the separation agreement alleged in the second cause of action was repudiated by the wife in the counterclaim for " suitable maintenance " which she interposed in the New Jersey action. The issues raised by that counterclaim were tried in the New Jersey suit and were therein determined against the wife by the final decree of divorce as entered in favor of the husband on November 22, 1938. It follows, as the Trial Term held, that after that date the separation agreement alleged in the second cause of action had no force or effect.

The order of the Appellate Division should be reversed and the judgment of the Trial Term affirmed, without costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Ordered accordingly.