RUTH HARRIS, Respondent, *v.* MITCHELL HARRIS, Appellant.

Argued January 5, 1942; decided March 5, 1942.

*Samuel Mezansky* and *David L. Blick* for appellant. The defendant's contractual obligation under the trust agreement was mutually canceled and terminated and no action may be maintained upon it. (*Woods* v. *Bard*, 285 N. Y. 11; *Graves* v. *White*, 87 N. Y. 463; *Randolph* v. *Field*, 165 App. Div. 279; *Sockman* v. *Sockman* 252 App. Div. 914; *Ross* v. *Ross*, 233 App. Div. 626; *Nicoll* v. *New York & Erie R. R. Co.*, 12 N. Y. 121; *Trustees of Calvary Presbyterian Church* v. *Putnam*, 249 N. Y. 111; *Markey* v. *Smith*, 301 Mass. 64; *Booker* v. *Booker*, 119 App. Div. 482; *Darling* v. *Darling*, 241 App. Div. 57; *Gillet* v. *Bank of America*, 160 N. Y. 549; *Brooklyn Public Library* v. *City of New York*, 250 N. Y. 495; *Matter of Bloodgood*, 184 App. Div. 798.) The courts will not disturb the results of an executed alleged illegal agreement. (*Tallinger* v. *Mandeville*, 113 N. Y. 427; *Schley* v. *Andrews*, 225 N. Y. 110; *Jameson* v. *Carpenter*, 68 N. H. 62; *Dworkin* v. *Dworkin*, 247 App. Div. 213; *City of New York* v. *New York Central R. R. Co.*, 275 N. Y. 287; *Trustees of Calvary Presbyterian Church* v. *Putnam*, 249 N. Y. 111.)

*Jerome I. Hyman* and *Abel Cary Thomas* for respondent. The alleged cancellation agreement is wholly void for illegality. As such, and despite the conveyance, it is ineffective to cancel the defendant's personal obligation under the trust agreement. (*Kyff* v. *Kyff*, 286 N. Y. 71; *Galusha* v. *Galusha*, 138 N. Y. 272; *Kaufman* v. *Kaufman*, 158 App. Div. 892; *Schley* v. *Andrews*, 225 N. Y. 110; *Foley* v. *Speir*, 100 N. Y. 552.)

LOUGHRAN, J. The plaintiff, Ruth Harris, is the wife of the defendant, Charles Mitchell Harris. At Special Term she recovered against him a summary judgment for

$19,020.62, which is now before us for review on his appeal from an affirmance thereof.

In 1927 the plaintiff secured a judgment separating the parties from bed and board and directing that the defendant pay to her fifty dollars a week for the support of herself and their infant daughter, June Harris, whose custody was thereby committed to her. Defendant did not make the payments so required of him with the result that judgments therefor aggregating $9,920.95 were docketed against him. He was owner of an undivided one-fourth interest in 161 East One Hundred and Twenty-fifth street, Manhattan, city of New York. Another undivided one-fourth interest therein was owned by his brother, Averell Harris, who also held title to the remaining one-half interest as trustee of a testamentary trust of which he and the defendant were the beneficiaries. A receiver of the defendant's interest in that property was appointed on the application of the plaintiff.

Such was the situation in April, 1930, when the parties composed their affairs in this fashion: Plaintiff accepted from the defendant $6,000 in satisfaction of his judgment liability to her for unpaid alimony. She allowed him to enter an order vacating the alimony provisions of the judgment of separation. He conveyed all his right, title and interest in 161 East One Hundred and Twenty-fifth street to a trustee for the purpose of payment to her out of the net income therefrom of fifty dollars each week " during her lifetime or until her re-marriage, during the lifetime of the defendant, whichever event shall first take place." He agreed that if at any time the net income from this trust were less than fifty dollars a week he would pay to her " such sum in addition thereto which together with the income from said right, title and interest shall equal the sum of $50 per week."

In January, 1936, the parties made a contract for cancellation of that trust arrangement. It was then agreed between them that they would convey the interest of the defendant in 161 East One Hundred and Twenty-fifth street to their daughter, June Harris (who had come of age), and

that the defendant would procure Averell Harris to convey to June Harris all the remaining title to that property. Concededly these stipulations were thereupon fully carried out.

This cancellation contract of January, 1936, made also these provisions: "3. Charles Mitchell Harris promises Ruth Harris to take all steps necessary to institute an action for a divorce in the Courts of Chihuahua, Mexico, on the grounds of incompatibility and to confer jurisdiction upon said courts for said purpose and he hereby does confer jurisdiction upon said courts for the said purpose, and further agrees and promises to pay to the attorney for Ruth Harris the sum of Two hundred Dollars to defray the expenses of said divorce action and agrees further that, in the event, that he fail to do so, that the cancellation of the trust agreement hereby by Ruth Harris shall be of no force and effect and that he shall continue to remain liable under said agreement of trust until he has performed the conditions contained in this paragraph of this [cancellation] agreement, numbered ' 3.' * * * 7. Ruth Harris hereby consents and agrees that the trust agreement affecting premises 161 East 125th street be cancelled and that it be null and void on condition that Charles Mitchell Harris do all those things reserved for him to be done under the terms of paragraph numbered ' 3 ' of this [cancellation] agreement and Ruth Harris further agrees to confer jurisdiction upon the Courts of Chihuahua, Mexico, for the purpose of instituting an action for a divorce * * * on the ground of incompatibility and agrees to do all those things which may be necessary to confer said jurisdiction as aforesaid and to obtain said decree of divorce. Ruth Harris agrees to waive, in said action, all claims to alimony or maintenance or support, and to waive all claims against the property of the said Charles Mitchell Harris." It is conceded that nothing was done by either party in performance of these provisions.

In 1940 the plaintiff brought the present action. Her case is one for breach by the defendant of the promise he

made to her as part of the trust arrangement of April, 1930. Her complaint alleges: " Said trust was duly established, but, by reason of the insufficiency of the trust income, plaintiff has not received any payments whatsoever therefrom since July 12, 1934 * * *. Although demand has been duly made upon the defendant, no payments on account of the said deficiency in the trust income have been made to the plaintiff by the defendant." On that hypothesis, the plaintiff was awarded the summary judgment for $19,020.62, which the defendant has brought here for review.

The courts below correctly held that the contract of January, 1936, for cancellation of the trust arrangement of April, 1930, was void as against public policy. (*Schley* v. *Andrews*, 225 N. Y. 110; *Murthey* v. *Murthey*, 287 N. Y. 740.) This proposition, however, is by no means sufficient to vindicate the fullness of the plaintiff's recovery.

The obligation assumed by the defendant in connection with the trust of April, 1930, did not bind him to pay any specific sum to the plaintiff. He thereby undertook only that he would make up to her any realized difference between the anticipated trust income and the sum of fifty dollars per week. The parties destroyed that trust by their concerted conveyance of full ownership of the corpus thereof to their daughter June Harris in pursuance of their illegal bargain of January, 1936. Plaintiff had no right to recover for her alleged " deficiency of trust income " after that date, for thenceforth no trust existed, as she had herself decreed.

The judgments should be reversed, without costs, and the action remitted to the Special Term for further proceedings not inconsistent with this opinion.

LEHMAN, Ch. J., FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment accordingly.