RUTH HARRIS, Appellant, *v.* CHARLES M. HARRIS, Respondent.

First Department, May 7, 1943.

*Jerome I. Hyman* of counsel (*Friedman, Bareford & Hazen,* attorneys), for appellant.

*David L. Blick* for respondent.

*Per Curiam.* The plaintiff, on July 12, 1934, recovered a judgment for unpaid alimony against the defendant for $1,059. Under authority expressly granted to the defendant by a contract of the parties made on January 17, 1936, the defendant on August 12, 1940, satisfied that judgment of record. Thereafter, in a decision of the Special Term of the Supreme Court, made on December 3, 1940, and affirmed by this court (*Harris* v. *Harris,* 262 App. Div. 838), the contract of January 17, 1936, was held to be illegal, and upon that decision the Municipal Court on January 8, 1941, vacated the satisfaction of the judgment. We do not pause to consider whether the action of the Municipal Court in this respect was correct for the reason that no appeal was ever perfected from its order and the time to appeal has long since expired.

On June 24, 1941, pending an appeal from the order of this court affirming the judgment of the Special Term, which had held to be illegal the contract of January 17, 1936, and believing " that the result of said appeal to the Court of Appeals may affect the aforesaid judgment " and " to effectuate a stay of execution thereon pending the determination of the said appeal " the defendant deposited with the clerk of the Municipal Court the amount of the judgment with interest to July 12, 1942, under an order of said court crediting that amount " to the within entitled action until the further order of this court."

The Court of Appeals on March 5, 1942 (*Harris* v. *Harris,* 287 N. Y. 444) held the agreement of January 17, 1936, to be illegal but on other grounds reversed the judgment of the Special Term together with the order of affirmance of this court and remitted the action to the Special Term for further proceedings. Thereupon the plaintiff made this motion in the Municipal Court to direct the clerk of that court to pay to her the sum deposited by the defendant and credited to the action. That motion was granted by an order dated April 22, 1942,

which is the subject of this appeal and which was reversed by the Appellate Term without prejudice to the right of the plaintiff to institute a plenary suit for the same relief.

There is thus outstanding a judgment of the Municipal Court entered on July 12, 1934, which is now in full force and effect because the satisfaction subsequently filed was vacated by an order of that court, against which there has been deposited the principal amount of the judgment together with the sum of $490.56, constituting interest to July 12, 1942. No appeal was perfected from the order which set aside the satisfaction of judgment nor has any motion been made to reinstate the satisfaction on the theory that the decision of the Court of Appeals has, in some manner, effected a change in the situation of the parties. If the defendant intends to challenge either the judgment of July 12, 1934, or the order by which the satisfaction was vacated he must do so by a direct attack, if the means are still available, and not by this collateral method. In view, therefore, of the existence of that judgment, which has never been reversed and now stands unsatisfied of record, we think the order of the Municipal Court was correct and should be affirmed.

The determination of the Appellate Term should be reversed, with twenty dollars costs and disbursements in this court, and ten dollars costs in the Appellate Term, and the order of the Municipal Court should be affirmed.

MARTIN, P. J., TOWNLEY, GLENNON, UNTERMYER and DORE, JJ., concur.

Determination of the Appellate Term unanimously reversed, with twenty dollars costs and disbursements to the appellant in this court, and ten dollars costs in the Appellate Term, and the order of the Municipal Court affirmed.