LILLIAN B. HETTICH, Respondent, *v.* ERNEST L. HETTICH, Appellant.

Argued October 3, 1950; decided October 19, 1950.

*George Trosk* for appellant. I. Section 51 of the Domestic Relations Law prohibits an agreement releasing a man from his " liability " to support his " wife ". The 1935 agreement does not violate this section because the provision therein relieving defendant from the obligation to support plaintiff is, by its terms, not to be operative until after they have *ceased* to be

man and wife. (*Hoops* v. *Hoops*, 292 N. Y. 428; *Graham* v. *Hunter*, 266 App. Div. 576.) II. In holding the third defense insufficient, the Appellate Division evidently overlooked the allegations therein that subsequent to the making of the agreement on which plaintiff sued, she procured a divorce in an action in which defendant duly appeared, and that defendant has fully performed all the terms of the decree in that action. These allegations constitute a complete defense to the first cause of action. (*Williams* v. *North Carolina*, 317 U. S. 287; *Polk* v. *Polk*, 277 App. Div. 885; *Scheinwald* v. *Scheinwald*, 231 App. Div. 757; *Matter of Herzog*, 301 N. Y. 127; *Goldman* v. *Goldman*, 282 N. Y. 296; *Chester* v. *Chester*, 171 Misc. 608; *Kunker* v. *Kunker*, 230 App. Div. 641; *Fales* v. *Fales*, 160 Misc. 799, 250 App. Div. 751.)

*Clifton F. Weidlich* for respondent. I. The third defense to the first cause of action is insufficient since a wife may not release her husband from the duty of support contrary to section 51 of the Domestic Relations Law. (*Haas* v. *Haas*, 298 N. Y. 69; *Bickford* v. *Bickford*, 269 App. Div. 657.) II. The third defense is also insufficient under section 51 prohibiting spouses from contracting to alter or dissolve their marriage. (*Schley* v. *Andrews*, 225 N. Y. 110; *McDonald* v. *McDonald*, 228 App. Div. 341; *Lake* v. *Lake*, 136 App. Div. 47; *Gould* v. *Gould*, 261 App. Div. 733; *Reed* v. *Robertson*, 276 App. Div. 902; *Wynn* v. *Wynn*, 189 Misc. 96.)

*Per Curiam.* The third affirmative defense to the first cause of action cannot be a complete defense in view of the admitted failure to pay installments due under the 1932 agreement for the months of June, July and August, 1935. Moreover, the agreement alleged in said defense upon its face violates the public policy exemplified in section 51 of the Domestic Relations Law, in that it has a direct tendency toward dissolving the marriage between the parties and was by its terms entered into in order to facilitate " their divorce action " (*Harris* v. *Harris*, 287 N. Y. 444, 448; *Schley* v. *Andrews*, 225 N. Y. 110).

The order should be affirmed, with costs. The first question certified is answered in the negative, the second question certified answered in the affirmative and the third question certified not answered.

FULD, J. (dissenting). I cannot concur in the court's conclusion that the separation agreement here under consideration violates section 51 of the Domestic Relations Law or, to use the language of the majority opinion, "the public policy exemplified" therein. We all recognize that the agreement is not a contract to "relieve the husband from his liability to support his wife" (§ 51), and, in my view, it is not one which either alters or dissolves the marriage (§ 51) or "has a direct tendency toward dissolving" it.

Accordingly, I vote to reverse the order of the Appellate Division.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FROESSEL, JJ., concur in *Per Curiam* opinion; FULD, J., dissents in memorandum.

Order affirmed, etc.