Lillian B. Hettich, Respondent, *v.* Ernest L. Hettich, Appellant.

First Department, June 20, 1951.

*George Trosk* of counsel (*John F. Whicher* with him on the brief; *Gallop, Climenko & Gould,* attorneys), for appellant.

*Clifton F. Weidlich* of counsel (*Weidlich & Rogers,* attorneys), for respondent.

VAN VOORHIS, J. Defendant's motion for summary judgment dismissing the first as well as the second cause of action in the complaint should have been granted. The first cause of action is to recover $12,900 in installments under a separation agreement made in 1932 which provided that the husband during the lifetime of the wife should pay a monthly amount increasing to $75 after February 1, 1933, for her support and that of a nine-year-old son of the marriage. On August 16, 1935, the marriage was dissolved by a Nevada divorce decree, in an action brought by the wife in which the husband appeared. The divorce decree did not wholly follow the provision for support in the contract, but awarded $75 per month, payable until the child reached his majority. The husband regularly paid the sum of $75 each month until the child became twenty-one years of age on November 22, 1943. Nevertheless, inasmuch as the divorce decree did not specifically mention the separation agreement, the wife now sues for an extra $75 per month for the eight years during which the husband was paying that amount to her for the support of the son pursuant to the divorce decree, as well as for the period since the son became of age. Also included in her complaint is a demand for $225 for the three months of June, July and August, 1935, prior to the entry of her divorce decree.

The occasion for his default in paying the installments for those three months was that on May 27, 1935, the parties signed an agreement purporting to relieve defendant from his obligations under the separation agreement of 1932. The 1935 agreement was later held to be void as against public policy (*Hettich* v. *Hettich*, 301 N. Y. 447). That left the 1932 separation agreement in force until plaintiff obtained her Nevada divorce on August 16, 1935. We need not pass upon whether this separation agreement would have survived the divorce decree under *Galusha* v. *Galusha* (116 N. Y. 635), inasmuch as in any event the wife was at liberty to declare it at an end by her conduct in applying for support to a court of competent jurisdiction in a matrimonial action (*Rennie* v. *Rennie*, 287 N. Y. 86; *Ascher* v. *Ascher*, 213 App. Div. 183; *Windle* v. *Heard*, 254 App. Div. 875). That is what she did by commencing a divorce action in Nevada and prosecuting it to judgment, asking for alimony. The Nevada court, as has been stated, granted her the same amount that defendant had promised to pay by the separation agreement, but limited to the duration of the son's minority. It was clearly not the intention of the divorce court that defendant should pay $75 per month in addition to the similar install-

ments which had been payable under the agreement; he was not to be called upon to pay to her $150 per month. The manifest object of the Nevada decree was to supersede the separation agreement which she had terminated on account of his breach, and to make its own award for the support of herself and son. Unless she had elected to terminate the agreement, alimony could not have been granted. (*Henning* v. *Henning,* 272 App. Div. 676.) The Nevada court had jurisdiction over her person as well as over the matrimonial *res,* and its judgment in this respect is final (*Lynn* v. *Lynn,* 302 N. Y. 193).

In *Hettich* v. *Hettich* (301 N. Y. 447, *supra*) the certified questions presented only the sufficiency of the third affirmative defense, viz., the invalid agreement of May 27, 1935; the Statute of Limitations was not involved. Whatever right plaintiff had to recover the installments of June, July and August, 1935, prior to the Nevada divorce decree, is barred by the six-year Statute of Limitations.

Even if dismissal of the complaint were not indicated, partial summary judgment should in any event be granted for all contract installments accruing more than six years prior to the commencement of the action. Plaintiff's theory of action precludes a holding that the statute was tolled by payments during the son's minority, since it is inherent in her theory that these payments were not made pursuant to the contract, but solely under the Nevada divorce decree. Contending that this tolled the statute would be a tacit concession that the divorce decree superseded the agreement and that her demand for support therein was founded on its breach.

The order and judgment appealed from should be modified so as to direct the entry of summary judgment in favor of defendant dismissing the complaint, and, as so modified, affirmed, without costs.

Dore, J. P., Callahan and Shientag, JJ., concur; Cohn, J., dissents and votes to affirm.

Order and judgment modified so as to direct the entry of summary judgment in favor of defendant dismissing the complaint and, as so modified, affirmed, without costs. Settle order on notice.