LILLIAN B. HETTICH, Appellant, *v.* ERNEST L. HETTICH, Respondent.

Argued January 10, 1952; decided April 17, 1952.

*Clifton F. Weidlich* for appellant.  I. Special Term was right in denying defendant's motion for summary judgment on the ground of the law of the case, defendant having twice previously, without success, sought the same relief in the Supreme Court and in the Appellate Division.  The Appellate Division erred in ignoring the basis of the decision below and in reconsidering defendant's renewed motion for summary judgment, made without leave of court or presentation of any new facts long after defendant's time to appeal from the original denial of his motion had expired.  (*New York Central R. R. Co.* v. *Beacon Milling Co.,* 184 Misc. 187; *Ellis* v. *Central Hanover Bank & Trust Co.,* 198 Misc. 912.)  II. The Appellate Division erred

in disregarding defendant's concession in open court that the 1932 agreement survived the Nevada divorce decree. (*Queck-Berner* v. *Macy*, 240 N. Y. 341; *Mann* v. *Simpson & Co.*, 286 N. Y. 450; *Matter of Malloy*, 278 N. Y. 429; *Pines* v. *Beck*, 300 N. Y. 181; *Hine* v. *New York Elevated R. R. Co.*, 149 N. Y. 154.) III. Courts shall not brush aside or abrogate separation agreements intended to survive divorce, unless directly impeached by court action or mutually rescinded. (*Galusha* v. *Galusha*, 116 N. Y. 635; *Goldman* v. *Goldman*, 282 N. Y. 296; *Lynn* v. *Lynn*, 302 N. Y. 193; *Clark* v. *Fosdick*, 118 N. Y. 7; *Weintraub* v. *Weintraub*, 302 N. Y. 104; *Hughes* v. *Cuming*, 165 N. Y. 91.) IV. The Appellate Division reached its decision through reasoning predicated upon a legalistic " fiction " unrelated to the facts, contrary to the public policy of New York (Domestic Relations Law, § 51) and to the holding in *Flood* v. *Thiesing* (298 N. Y. 700). (*Galusha* v. *Galusha*, 116 N. Y. 635; *Baird* v. *Erie R. R. Co.*, 210 N. Y. 225; *Equitable Co-op. Foundry Co.* v. *Hersee*, 103 N. Y. 25; *Kyff* v. *Kyff*, 286 N. Y. 71; *Flood* v. *Thiesing*, 273 App. Div. 548, 298 N. Y. 700; *Jaeckel* v. *Jaeckel*, 179 Misc. 994; *Bell* v. *Bell*, 171 Misc. 605.) V. Plaintiff's motion for partial summary judgment should have been granted. No triable issue exists in connection with the 1935 agreement. VI. The Nevada decree did not in terms or by implication nullify the agreement in suit. (*Lynn* v. *Lynn*, 302 N. Y. 193; *Aseltine* v. *Second Judicial Dist. Court*, 57 Nev. 269; *Coe* v. *Coe*, 334 U. S. 378, 71 A. 2d 514 [Me.]; *Holahan* v. *Holahan*, 191 Misc. 47, 298 N. Y. 798; *Welch* v. *Chapman*, 296 Mass. 487; *Schillander* v. *Schillander*, 307 Mass. 96; *Carey* v. *Mackie*, 82 Me. 516.)

*George Trosk* for respondent. I. The Nevada divorce decree constitutes a bar to so much of plaintiff's claim as is for payments alleged to have accrued under the 1932 agreement on and after September 1, 1935, the date from which payments under the decree were duly made. Recovery for any period prior thereto is barred by the Statute of Limitations. (*Fuller* v. *Helvering*, 105 F. 2d 903, 310 U. S. 69; *Lynn* v. *Lynn*, 302 N. Y. 193; *Tallinger* v. *Mandeville*, 113 N. Y. 427; *Manufacturers Trust Co.* v. *Gray*, 278 N. Y. 380; *Third Nat. Bank* v. *Guenther*, 123 N. Y. 568; *Matter of Chandler*, 175 Misc. 1029; *Bowman* v.

*Bowman,* 271 App. Div. 943; *Gehring* v. *Gehring,* 262 App. Div. 1065.) II. The parties were competent to abandon and rescind the 1932 agreement by mutual consent. The first affirmative defense of abandonment and rescission is, accordingly, sufficient in law. This defense raised issues of fact which, if not for the judgment in defendant's favor, would require a trial. (*Woods* v. *Bard,* 285 N. Y. 11; *Randolph* v. *Field,* 165 App. Div. 279; *Sockman* v. *Sockman,* 252 App. Div. 914; *Boehm* v. *Boehm,* 262 App. Div. 104; *McCreery* v. *Day,* 119 N. Y. 1; *Imperator Realty Co.* v. *Tull,* 228 N. Y. 447; *Harris* v. *Shorall,* 230 N. Y. 343.) III. The 1935 agreement, though violative of section 51 of the Domestic Relations Law, is a bar to recovery by plaintiff under the 1932 agreement insofar as executed. Consequently, the defenses of waiver and performance during the period referred to in the complaint are sufficient in law. Defendant's papers in support of these defenses raised issues of fact which, if not for the judgment in defendant's favor, would require a trial. (*Manufacturers Trust Co.* v. *Gray,* 278 N. Y. 380; *Third Nat. Bank* v. *Guenther,* 123 N. Y. 568; *Matter of Chandler,* 175 Misc. 1029; *Bowman* v. *Bowman,* 271 App. Div. 943; *Gehring* v. *Gehring,* 262 App. Div. 1065; *Tallinger* v. *Mandeville,* 113 N. Y. 427.)

FROESSEL, J. In an action upon a separation agreement executed on July 1, 1932, whereunder defendant agreed to pay plaintiff on and after February 1, 1933, $75 per month during her lifetime (unless she remarried), she alleges the breach of that agreement by defendant from June 1, 1935, to September 1, 1949. We are not concerned with a second cause of action, as no appeal has been taken with respect to the disposition thereof below. The action was brought on October 5, 1949.

Defendant's answer admits nonpayment of the amount sued for and sets forth four affirmative defenses: (1) that the agreement was mutually " waived, abandoned, cancelled and rescinded " on May *26,* 1935; (2) that for a valuable consideration plaintiff waived performance under said agreement during said period and made no demand therefor until September 28, 1949; (3) a partial defense alleges that the parties entered into an agreement on May *27,* 1935, whereby defendant was released from all liability under the 1932 agreement from and

after the entry of a decree of divorce, and such decree was entered in the State of Nevada on August 16, 1935, in favor of plaintiff upon defendant's appearance; (4) a partial defense setting up the six-year Statute of Limitations.

Defendant moved for summary judgment on the basis of the third and fourth affirmative defenses, which motion was denied at Special Term but granted in the Appellate Division. The merits were not considered at Special Term, as the court adopted the view that the law of the case had been determined upon a prior appeal. The Appellate Division treated the merits, but in our opinion erred in granting summary judgment to defendant.

The fourth defense, insofar as applicable, is conclusive. Thus, the decisive issue here is whether or not defendant is entitled to summary judgment under the third defense. This in turn depends upon the effect, as disclosed in the record, of the 1935 agreement and the 1935 divorce in the State of Nevada. The 1932 agreement provided solely for the support of plaintiff during her lifetime or until her remarriage, which latter event has not taken place; if she had remarried, the payments were to cease on their son's attaining his majority; it further provided that " the disposition of any and all funds received by the [wife] under this agreement shall be in [her] sole discretion ". It contained no other provision whatsoever for the support of the child, merely giving his custody to plaintiff. The 1935 agreement provided only for the support of the child until his majority (attained November 22, 1943), and it contained plaintiff's express waiver of all rights to alimony or other support from and after the entry of a contemplated decree of divorce. Because it was entered into " as a fundamental part of their divorce action " we held that agreement invalid and insufficient as a complete defense (301 N. Y. 447). On that appeal, however, the question of whether the illegal agreement would constitute a partial defense insofar as executed by the parties was left open, with leave to defendant to plead over, as was done.

To the extent that plaintiff received and accepted benefits under the void agreement, she would be precluded from asserting her rights under the 1932 agreement, for in such case the

law leaves the parties to an illegal agreement where it finds them (*Manufacturers Trust Co.* v. *Gray,* 278 N. Y. 380, 386). However, plaintiff is not now asserting a claim which requires a showing of illegality (cf. *Stone* v. *Freeman,* 298 N. Y. 268; *Flood* v. *Thiesing,* 298 N. Y. 700; *Flegenheimer* v. *Brogan,* 284 N. Y. 268; *Carmine* v. *Murphy,* 285 N. Y. 413, 416) but disregards the void agreement as a nullity, in effect attacking it in order to prevent its further consummation. This she may always do, insofar as the invalid agreement is executory (*Flood* v. *Thiesing, supra; Schley* v. *Andrews,* 225 N. Y. 110). Here, it is defendant who affirmatively relies upon illegality and asks the courts to breathe life into the prohibited agreement even after the year 1943, when the parties were no longer rendering actual performance thereunder. This we think he may not do.

The wholly void 1935 agreement of itself does not infect with invalidity the 1932 agreement nor does it constitute any obstacle to recovery under the earlier, valid agreement. In the year 1943, when their son came of age, the illegal agreement ceased, by its own terms, to require further active performance on either side. It would be paradoxical, to say the least, to hold that the law, which it violates, requires that it be operative for any purpose thereafter. Considerations of public policy require that if defendant is to rely upon that agreement as a defense, he can do so only to the extent that he can show continuing and mutual performance thereunder. This, of course, he cannot do, subsequent to the year 1943. Accordingly, it is our conclusion that from and after November 22, 1943, when their son came of age and plaintiff no longer received any benefits under the void agreement, she became entitled to enforce the 1932 agreement. That she did not actually do so until the year 1949, whatever her reasons for so delaying, presents no legal obstacle to her recovery (*Van Nostrand* v. *Hofer,* 275 App. Div. 819, motion for leave to appeal denied 300 N. Y. 764). Consequently, the 1935 agreement is not a defense for the period from 1943 to the commencement of this action.

Neither does the mere existence of the Nevada decree operate as a bar to plaintiff's cause of action. In the first place, defendant has conceded in his brief below that neither of the agreements executed by the parties became " merged in, or a

part of, the Nevada decree " and that concession, to say the least, is not without weight (see *Mann* v. *Simpson & Co.,* 286 N. Y. 450, 459). Furthermore, the assumption by the Appellate Division that plaintiff elected to treat the 1932 agreement as terminated by " asking for alimony " in the Nevada action, that the " manifest object of the Nevada decree was to supersede the separation agreement which she had terminated on account of his breach, and to make its own award for the support of herself and son " is simply without basis in this record (278 App. Div. 518, 519, 520.) Nowhere does it appear that the wife asked for alimony, and no award was made for " her " support. All that appears in the record in connection with that action is the decree itself. So far as it discloses, the agreements were not before the court, nor did plaintiff make any request of that court for alimony or support for herself. The only provisions of the decree at all relevant relate solely to the support of the child. The entry of a decree of divorce alone is insufficient to vary or modify the contractual obligations of the parties, and on such a record as this it certainly cannot be said *as a matter of law* that the Nevada decree represents a change in the status of the parties under the contract in suit or operates to relieve defendant of his contractual obligations (*Goldman* v. *Goldman,* 282 N. Y. 296; *Galusha* v. *Galusha,* 116 N. Y. 635, 138 N. Y. 272; *Flood* v. *Thiesing, supra; Van Nostrand* v. *Hofer, supra; Holahan* v. *Holahan,* 298 N. Y. 798; see, also, *Lynn* v. *Lynn,* 302 N. Y. 193, 204). The law of Nevada does not appear to be otherwise (see *Finley* v. *Finley,* 65 Nev. 113, 117).

To affirm here, we would have to assume as a matter of law that plaintiff intended to surrender a valuable contractual right of support given to her exclusively by defendant in 1932, notwithstanding that it does not appear that she ever asked for alimony or other support for herself in the Nevada action. At best, only questions of fact are presented as to plaintiff's intentions in this respect, and such questions may not be disposed of on a motion for summary judgment (*Piedmont Hotel Co.* v. *Nettleton Co.,* 263 N. Y. 25). This is so particularly in this case, where neither the pleadings nor the minutes of the Nevada action are before us, nor is there other evidence demon-

strating, even inconclusively, such intention. The bare decree in nowise reflects it. To say the least, the issues are of such nature and scope as to indicate the propriety of a trial thereof (*Bollack* v. *Société Générale,* 293 N. Y. 652).

Plaintiff has also brought up for review on this appeal an intermediate order made by the Appellate Division on the first appeal, insofar as said order denies her motion for partial summary judgment, in relation to the first and second affirmative defenses. We are satisfied that that motion presented questions of fact requiring a trial, and hence the intermediate order appealed from was correctly made.

The judgment of the Appellate Division should be reversed and the judgment and order of Special Term affirmed, with costs in this court and in the Appellate Division.

LEWIS, CONWAY and DESMOND, JJ., concur with FROESSEL, J.; LOUGHRAN, Ch. J., DYE and FULD, JJ., dissent and vote to affirm.

Judgment accordingly.