JANE H. MACKAY, Plaintiff, *v.* WILLIAM E. MACKAY, Defendant.

Supreme Court, Special Term, Queens County, April 18, 1952.

*John F. Finn, Jr.,* and *Leon Silverman* for plaintiff.

*Francis S. Bensel* and *W. Frederick Knecht* for defendant.

DALY, J.   The parties hereto entered into a separation agreement, dated June 26, 1946, pursuant to which defendant agreed to pay to plaintiff the sum of $500 on the first of each and every month commencing with July 1, 1946, for the support and maintenance of herself and the two children of the parties.   The agreement provided also for the liability of the defendant for reasonable counsel fees in the event of a default in the payment of the aforesaid sums and the institution of an action for the recovery thereof.

This action was brought to recover the installments of $500 which became due respectively on July 1st, August 1st and September 1, 1951, as well as the installments which will accrue during the pendency of this action, and the reasonable counsel fees to reimburse the plaintiff for the legal expenses in bringing this action.

The defendant has admitted the execution of the agreement and plaintiff's demand for, and his refusal to pay, the three installments of $500 above referred to, but has otherwise denied the material allegations of the complaint.   In addition, he has asserted five separate affirmative defenses, the third and fifth of which are also pleaded as counterclaims.

Plaintiff has now made six separate motions.   The first five motions are addressed to the legal sufficiency of the defenses. The sixth motion seeks summary judgment in favor of the plaintiff for the monthly installments to date which became due since July 1, 1951, and for an assessment of reasonable counsel fees as provided in the agreement.

In the consideration of the motions challenging the legal sufficiency of the defenses, the court must weigh them in the light of the allegations of the complaint (*Schwartz* v. *Klein,* 272 App. Div. 834), unaided by the affidavits and proofs which have

been submitted by the respective parties in connection with the plaintiff's motion for summary judgment. (*Romaneck* v. *Bauer*, 250 App. Div. 734.)

The first separate complete defense alleges in substance that the plaintiff breached the separation agreement in leaving her home and residence in Roslyn, New York, and moving from the metropolitan area; in continuously denying and refusing the defendant the full visitation and custodial rights to which he was entitled under the agreement; in refusing to bring up the two children in the religious faith required by the agreement and in otherwise neglecting their religious upbringing; also, in refusing and neglecting to use the sums paid to her pursuant to said agreement for the support and maintenance of the children. Assuming the truth of these allegations, as we must upon a challenge of the sufficiency of a defense (*Hull* v. *Hull*, 225 N. Y. 342, 355), the court is of the opinion that this defense is as a matter of pleading sufficient in law. Since this is an action at law to recover unpaid installments of support stipulated in an agreement, the plaintiff's alleged violation of the visitation provisions thereof, if true, will preclude her from recovering such installments. (*Duryea* v. *Bliven*, 122 N. Y. 567; *Muth* v. *Wuest*, 76 App. Div. 332; *Matter of Noel*, 173 Misc. 844.) This result is to be distinguished from that which would follow were a judicial decree involved rather than a separation agreement. (*Altschuler* v. *Altschuler*, 248 App. Div. 768.) The motion to dismiss the first separate complete defense is accordingly denied.

The first partial defense challenged for insufficiency repeats the allegations of the preceding complete defense and in addition asserts that the defendant on and after June 30, 1951, supported the elder child and on or after August 1, 1951, both children, because of plaintiff's failure so to do, as required by the agreement. The court is of the opinion that if true, this is a good partial defense and the motion to dismiss it is denied.

The second partial defense is asserted also by way of a first counterclaim. The challenge, however, is to the legal sufficiency of this matter as a defense. Here an independent, partially executed agreement is asserted, pursuant to which the parties agreed that their elder child should be placed in a summer camp from June 30, 1951, to August 25, 1951, and that he should be tutored in various school subjects; that the defendant would in the first instance pay the cost and expense thereof, but that the plaintiff would subsequently reimburse him for the full cost of the tutoring and one half of the cost of the attend-

ance at camp; that the defendant carried out his part of said agreement, and incurred and paid the costs and expenses in the sum of $630.27 for the camp and $122.50 for the tutoring; that the plaintiff failed and refused to reimburse the defendant for the tutoring or any part thereof, and only contributed $250 to the cost of the camp expenses; that by reason of the premises, there is now due and owing to the defendant from the plaintiff the sum of $187.63. Whatever the merits of the foregoing may be as a counterclaim, the court is of the opinion that it does not constitute a partial defense, and the motion to dismiss it in that aspect is accordingly granted.

As a third partial defense the defendant alleges that on July 26, 1951, the plaintiff commenced an action against him in the courts of the State of Nevada for a decree of absolute divorce, resulting in a decree dated September 4, 1951, which, among other things, granted the plaintiff sole and exclusive custody of the two children of the parties, contrary to the provisions of the agreement, and provided for the payment by the defendant to the plaintiff of an annual sum of $6,000 for the support and maintenance of the two children and of the plaintiff, payable at the rate of $500 per month upon the first day of each month in advance; that "by reason of the seeking and procurement by plaintiff of said decree of final and absolute divorce, the aforesaid agreement between the parties herein was renounced and repudiated by plaintiff as of September 4, 1951." In support of this partial defense, the defendant relies on *Rennie* v. *Rennie* (287 N. Y. 86) and *Hettich* v. *Hettich* (278 App. Div. 518).

In the *Rennie* case it was held that a separate maintenance agreement had been renounced by the wife's assertion of a counterclaim for " suitable maintenance " in an action for divorce brought by the husband in the State of New Jersey. Similarly, in the *Hettich* case, the court held that by commencing a divorce action in Nevada and prosecuting it to judgment, asking for alimony, the plaintiff wife had elected to end a preexisting separate maintenance agreement. Plaintiff urges that the instant case is distinguishable on its facts because the plaintiff here did not in her complaint in the divorce action in Nevada request support, and in any event, the Nevada decree of divorce specifically provided that the agreement of the parties dated June 26, 1946, shall " not merge herein and survives this decree."

Of course, a separate maintenance agreement may continue in full force and effect even if the marriage relation has been dissolved. (*Goldman* v. *Goldman,* 282 N. Y. 296; *Galusha* v.

*Galusha,* 116 N. Y. 635; *Westover* v. *Westover,* 133 Misc. 510.) Unfortunately, the facts upon which the plaintiff relies for distinguishing this case from those cited are not pleaded in the defense challenged, nor has an exemplified copy of the proceedings in the Nevada court been incorporated and made part thereof. (*Gordon* v. *New York Inst. of Optics,* 277 App. Div. 1100.) These facts may not be considered upon this motion merely because they have been fully presented in the companion motion for summary judgment. (*Van Wormer* v. *Two Park Ave. Bldg.,* 65 N. Y. S. 2d 529, 534, affd. 271 App. Div. 964.) Under these circumstances, this defense must be sustained as a matter of pleading and the motion to strike it for legal insufficiency denied.

Plaintiff's fifth motion challenges the sufficiency as a matter of law of the second complete defense (alleged also by way of a second counterclaim). Here again, an independent agreement is pleaded which defendant claims the plaintiff breached. Whatever the merits of this affirmative matter may be as a counterclaim, the court fails to see how as a defense it is sufficient to defeat plaintiff's cause of action. *Nichols* v. *Nichols* (N. Y. L. J., Jan. 4, 1952, p. 45, col. 3), the authority relied upon by the defendant, does not hold that the breach of an agreement to indemnify a husband for the payment of any Federal or New York State income tax, in respect to the separate maintenance paid by him, is a defense to an action for the recovery of unpaid installments of said separate maintenance. The motion to strike this affirmative matter, insofar as it is pleaded as a defense, is accordingly granted.

The plaintiff's motion for summary judgment is denied as triable issues are presented by the record and pleadings in this action which cannot be flung off summarily on affidavits.